## FREDERICK WILMS

*v.*

## ROBERT W. JESS.

1. MINING—*injury to surface land by leaving no sufficient supports.* Where the surface of land belongs to one, and the minerals to another, no evidence of title appearing to regulate or qualify their rights of enjoyment, the owner of the minerals can not remove them without leaving support sufficient to maintain the surface in its natural state.

2. The rule is well settled that when one owning the whole fee grants the minerals, reserving the surface to himself, his grantee is entitled only to so much of the mineral as he can get without injury to the superincumbent soil.

3. SAME—*injury to building by subsidence of earth.* While it is doubtless true the party owning the minerals under the land of another, or having a lease to remove the same, is only bound to leave support for the superincumbent soil in its natural state, and is not required to leave support for additional buildings erected on the surface, yet the mere presence of a building or other structure upon the surface will not prevent a recovery for injuries to the surface, unless it is shown that the subsidence would not have occurred from the act, if no buildings existed upon the surface. The act creating the subsidence is wrongful, and renders the owners of the mine liable for all damages that result therefrom, as well to the buildings as to the land.

4. The act of removing all support from the superincumbent soil is *prima facie* the cause of its subsequently subsiding; but if the subsidence is in fact caused by the weight of buildings erected on the surface after the execution of a lease to the defendant, authorizing him to take the mineral beneath the surface, that may be shown in defence as contributive negligence.

5. MINING LEASE—*construed.* Where a mining lease stipulated that no pillars should be withdrawn within 600 feet of the shaft, and the whole clause relates to the manner of working the mine and the condition in which it should be left, it was *held* that the lessees were not by implication authorized to withdraw pillars or supports not within the prescribed distance so as to cause a subsidence of the superincumbent soil.

APPEAL from the Appellate Court for the Third District.

Messrs. PALMER, PALMER & ROSS, for the appellant.

Messrs. PATTON & LANPHIER, and Messrs. McGUIRE & HAMILTON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee brought an action on the case against appellant and another, in the circuit court of Sangamon county, for injuries to appellee's premises, caused by the removal by the appellant and his co-defendant of the underlying *strata* of coal, without leaving sufficient support for the surface.

The entire title to the lot of ground involved in the litigation was originally in Jacob Bunn; but, on the 20th day of March, 1870, he leased to the assignor of appellant and his co-defendant " the sole and exclusive right of boring, digging

and otherwise prospecting for coal," in a large body of land, including this lot, and of "taking out and working the said coal, together with the right of way and surface of so much of the track as may be necessary for the economical use of the same." The lease contained, among others, this clause: "It is further understood and agreed, that the said party of the second part shall mine the coal in a workmanlike manner, no pillars to be withdrawn within six hundred (600) feet of the shaft, and that the entries giving access to the coal not mined at the termination of this lease shall be turned over to the party of the first part in as good condition as the nature of the mine will admit."

On the 5th day of October, 1877, Bunn, having previously sold, conveyed this lot to appellee, making this exception in the deed: "Except all coals and minerals of every description under the surface of said premises (which is hereby expressly reserved,) and the right to take therefrom all coals and minerals, with the privilege of extending entries thereunder."

Appellee at once took possession of the lot and soon thereafter commenced making improvements thereon, and had dug a well, constructed a cistern, begun the erection of a house which was estimated to cost some $5,500, and progressed therewith until the brick work was completed, the frame work raised and sheeted ready for weather-boarding, and the roof and cupola completed, when the surface of the underlying soil suddenly subsided for the distance of some three feet, and thereby seriously damaged the house and destroyed the well and cistern.

This was caused by appellant and his co-defendant mining and removing the *strata* of coal underlying the lot.

The *gist* of the action as averred in the several counts of the declaration is, the mining and removal of the coal without leaving sufficient support for the surface.

Appellant and his co-defendant pleaded not guilty. The cause was submitted to a jury who returned a verdict finding the defendants guilty, and assessing the plaintiff's damages at

$1000. The circuit court, after overruling motions for new trial and in arrest of judgment, rendered judgment upon this verdict,—and appellant took the case, by appeal, to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed.

The present appeal is from that judgment of affirmance.

The lease under which appellant claims, confers the right to work the mine and take out the coal, and, as incident thereto, the use of usual and appropriate means therefor; and it also gives a right of way and surface use of so much of the superincumbent soil as is necessary for the economical and efficient working of the mine. It does not, however, assume to confer any right to destroy or injure or further burden the superincumbent soil.

Where the surface of land belongs to one and the minerals to another, no evidence of title appearing to regulate or qualify their rights of enjoyment, the owner of the minerals can not remove them without leaving support sufficient to maintain the surface in its natural state. *Humphries* v. *Brogden*, 12 Queen's Bench, 743 (1 Eng. Law and Equity, 241); *Harris* v. *Ryding*, 5 Meeson and Welsby, 59; *Smart* v. *Morton*, 5 Ellis and Blackburn, 30.

But, it is contended, appellant and his co-defendant were exonerated from protecting the surface, because the lease here stipulates that "no pillars shall be withdrawn within six hundred feet of the shaft," upon the principle that, "having expressed *some*, the parties have expressed *all* the conditions by which they intend to be bound under that instrument."

By looking to the lease we think it quite clear this stipulation has relation to the mine only, and no reference whatever to the superincumbent soil. The whole clause relates to the manner of working the mine and the condition in which it shall be left. It requires that the mining shall be done in a workmanlike manner, that no pillars shall be withdrawn within six hundred feet of the shaft, and that the entries giving access to the coal not mined at the termination of the

lease, shall be turned over, etc., in good condition, etc., etc.— all for the obvious purpose of preserving the shaft and access to coal not mined.

No attempt is made to regulate the rights and obligations of the parties in respect of the superincumbent soil, further than to confer the right of way thereover, and the surface use to the extent necessary to an efficient and economical working of the mine, leaving them to be governed in other respects in reference thereto by the common law.

The rule is well settled, when one owning the whole fee grants the minerals, reserving the surface to himself, his grantee is entitled only to so much of the minerals as he can get without injury to the superincumbent soil. *Coleman* v. *Chadwick*, 8 Pa. St. 81; *Horner* v. *Watson*, 29 P. F. Smith, 251; *Jones* v. *Wagner*, 10 id. 429.; *Harris* v. *Ryding, supra; Zinc Co.* v. *Franklinite Co.* 13 N. J. (2 Beasely's Ch.) 342; *Smart* v. *Morton, supra.*

And it is held, where a land owner sells the surface, reserving to himself the minerals with power to get them, he must, if he intends to have power to get them in a way which will destroy the surface, frame the reservation in such a way as to show clearly that he is intended to have that power. *Hext* v. *Gill,* 7 Law Reports, Chancery Appeal Cases, 699.

But, it is contended, this obligation to protect the superincumbent soil only extends to the soil in its natural state, and that no obligation rests on the owner of the subjacent strata to support additional buildings, in the absence of express stipulation to that effect. This is, doubtless, true, but "the mere presence of a building or other structure upon the surface does not prevent a recovery for injuries to the surface, unless it is shown that the subsidence would not have occurred except for the presence of the buildings. Where the injury would have resulted from the act if no buildings existed upon the surface, the act creating the subsidence is wrongful and renders the owners of the mines liable for all damages that result therefrom, as well to the buildings as to

the land itself." Wood on Nuisance, sec. 201. *Brown* v. *Robins,* 4 Hurlstone and Norman, 185; *Hamer* v. *Knowles and another,* 6 Hurlstone and Norman, 459.

The act of removing all support from the superincumbent soil is, *prima facie,* the cause of its subsequently subsiding, but if the subsiding is, in fact, caused by the weight of buildings erected subsequent to the execution of the lease of the mine, this is in the nature of contributive negligence, and may be proved in defence. The authorities do not require that plaintiff's proof shall exclude that hypothesis in the first instance.

The finding of the Appellate Court that the judgment of the circuit court is sustained by the evidence, there being evidence tending to that end, relieves us from a discussion of the evidence.

We think the instructions given by the circuit court are substantially in harmony with the views herein expressed, and there is no error of law complained of in any other respect.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*