## Catlin Coal Co. v. Henry Lloyd.

1. **MINING**—*Duty of Owner of Underlying Coal to Support Surface When Mining It.*—Where one person owns land in fee simple, subject to the right of another to mine under it, the latter has the right to take the coal from the land, but not to destroy or injure the superincumbent soil, and in removing the coal he must leave support sufficient to maintain the surface in its natural state.

2. **DAMAGES**—*For a Continuing Injury.*—In an action for damages occasioned by subsidence of land caused by the removal of underlying coal, damages recoverable are confined to those which accrue prior to the time when action is brought.

**Trespass on the Case.**—Subsidences caused by undermining land. Appeal from the Circuit Court of Vermilion County; the Hon. Ferdinand Bookwalter, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed July 27, 1903.

H. M. Steely, attorney for appellant.

Where the surface of land belongs to one, and the minerals to another, no evidence of title appearing to regulate or qualify their rights of enjoyment, the owner of the minerals can not remove them without leaving support sufficient to maintain the surface. Wilms v. Jess, 94 Ill. 464; Humphries v. Brogden, 64 E. C. L. 738; Hilton v. Whitehead, 64 E. C. L. 734; Smart v. Morton, 85 E. C. L. 30; Cooley on Torts (2d Ed.), 707.

The owner of minerals, separated from the surface, is liable in damages for a subsidence caused by mining the coal. He·must leave sufficient support for the surface. Carlin v. Chappel, 101 Pa. St. 349; Yandes v. Wright, 66 Ind. 319; Livingston v. M. Coal Co., 49 Ia. 369; S. C., 31 Am. Rep. 150; Horner v. Watson, 79 Pa. St. 242; Coleman v. Chadwick, 80 Pa. St. 81; Ryckman v. Gillis, 57 N. Y. 68; Marvin v. B. I. M. Co., 55 N. Y. 538; Lillibridge v. L. Coal Co., 143 Pa. St. 293; Williams v. Hay, 120 Pa. St. 485.

Actions for damages for acts which are wrongful only when they result in damage may be successively brought; the damages recoverable are ordinarily confined to those which accrued prior to the time when action was begun. 1 Sutherland on Damages, Secs. 114 and 1039; McConnel v. Kibbe, 29 Ill. 483; McConnel v. Kibbe, 33 Ill. 175; Blunt v. McCormick, 3 Denio, 283; Cumberland C. Co. v. Hitchings, 65 Me. 140; Thayer v. Brooks, 17 Ohio, 489; Holmes v. Wilson, 10 A. & E. 503; Cobb v. Smith, 38 Wis. 21; Hazeltine v. Case, 46 Wis. 391; Beach v. Crain, 2 N. Y. 86; Loweth v. Smith, 12 M. & W. 582; Kinnaird v. Standard Oil Co., 89 Ky. 468; Burnett v. Nicholson, 86 N. C. 99.

Lawrence & Lawrence, attorneys for appellee.

Damages accruing after the commencement of the action may be recovered if they are the natural and necessary result of the act complained of, and when they do not

of themselves constitute a new cause of action.   Slater v. Rink, 18 Ill. 527; Schlitz Brewing Co. v. Compton, 142 Ill. 556; Cooper v. Randall, 59 Ill. 321; C. & A. R. R. Co. v. Robbins, 159 Ill. 600.

Successive actions are not allowed to recover damages resulting from negligence combining with a natural cause, however gradual the operation of the cause.   Successive actions are allowed only where the defendant is in continuous fault.   Finley v. Hershey, 41 Iowa, 389; Fowle v. New Haven, etc., Co., 112 Mass. 334; Elizabethtown, etc., R. R. Co. v. Combs, 10 Bush. 382; 3 Sutherland Dam. (2d Ed.), Sec. 1044.

The distinction is to be observed that actions may be brought as often as new injuries and new wrongs are repeated, and not as often as new damages accrue from the same wrong.   Hodsoll v. Stallebrass, 11 A. & E. 301; (S. C.) 39 Eng. Com. Law, 94; Schlitz Brewing Co. v. Compton, 142 Ill. 514; Mayne on Damages, 33–38; Howell v. Young, 5 Barn. & Cress. 267; Admr. of Whitney v. Clarendon, 18 Vt. 258; Warner v. Bacon, 8 Gray, 397.

The measure of damages for the removal of support to land in its natural condition is not the cost of restoring the ground to its former condition, or building a wall to support it, but it is the diminution in its fair market value by reason of the defendant's act.   3 Sutherland on Dam. (2d Ed.), Secs. 1017–1053; McGuire v. Grant, 25 N. J. L. 356; Moellering v. Evans, 121 Ind. 195; Warner v. Ostrander, 44 Ill. 356; C., R. I. & P. R. R. Co. v. Carey, 90 Ill. 517.

OPINION PER CURIAM.

The appellee brought in the Circuit Court of Vermilion County an action on the case against the appellant to recover damages to certain of his land in that county, alleged to have been the result of the removal by the appellant of the underlying strata of coal therefrom, without leaving sufficient support for the surface.

The land was owned by the appellee in fee simple, subject to the express right of the appellant "to mine, dig or

excavate the coal and other mineral therein, and to erect necessary machinery for so doing."

At the time this suit was commenced, the appellant had taken a considerable portion of the coal from the land and was at work taking the rest. Some parts of the surface of the land subsided from one to two and one-half feet by reason of the appellant's taking out the coal and not leaving sufficient support to sustain the surface.

The jury who tried the case allowed $6,000 to the appellee as damages, for which the court gave him judgment, and the appellant prosecutes this appeal to reverse the judgment, urging, as error, that the court admitted improper evidence, gave improper instructions, refused proper instructions, and that the damages are excessive.

The court, over the objections of the appellant, permitted the appellee to prove that in the opinion of the witnesses more of the land would subside as a result of the coal that had been taken out, without leaving sufficient support therefor, before this suit was commenced, and that the appellant would hereafter take out the balance of the coal from the land without leaving sufficient support for the surface and thereby causing more of the surface to subside; and instructed the jury to allow the appellee damages for such subsidences of the surface of the land as had occurred at the time this suit was commenced, and which would occur thereafter. And the amount of damages shows that the jury allowed a large part of the damages for prospective subsidences of the surface of the land.

Under the evidence, the appellant had the right to take the coal from the land, but not to destroy or injure the superincumbent soil, and in removing the coal, the appellant should have left support sufficient to maintain the surface in its natural state. Wilms v. Jess, 94 Ill. 464.

For the damages occasioned from subsidences of such parts of the land as had taken place at the time this suit was commenced, the appellee could in this action, recover, but not for such as might thereafter occur. McConnel v. Kibbe, 33 Ill. 175.

The court therefore improperly admitted the evidence objected to by the appellant and improperly gave the instructions complained of by it, and improperly refused to instruct the jury, as requested by the appellant, that the appellee could only recover damages for subsidences of the surface that had taken place at the time the suit was commenced.

And the amount of the damages awarded being greatly in excess of the damages which had accrued at the time this suit was commenced, the improper rulings of the court on the evidence and instructions were prejudicial error, for which judgment will be reversed and the cause remanded.