## City of Chicago v. Frank Rust.

### Gen. No. 11,369.

1. BILL OF EXCEPTIONS—*when motion to strike, comes too late.* A motion to strike a bill of exceptions from the record comes too late after the case has been taken and there has been joinder in error.

2. CONDITION OF BUILDINGS—*what proof of, incompetent.* In an action against a city for damages for injury to real property, proof of the condition of the buildings prior to the injury complained of cannot be shown either by the oral or written declarations of city officials.

3. CONTRACTOR—*when municipality liable for negligence of.* A municipal corporation is liable for injuries resulting to real property by reason of the negligence of a contractor engaged by contract with it in the construction of a tunnel.

4. MEASURE OF DAMAGES—*in action against municipality for injuries to real property through negligence of contractor.* In such a case the true measure of damages is the cost of repairing the premises so injured and of restoring them to their former condition. If, however, it was not reasonably possible for the owner to make such repairs for a considerable time, there should be added the reasonable value or the worth of the use of such buildings during the time it was not so reasonably possible to repair the same.

Action on the case for injury to real property. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed December 16, 1904. Rehearing denied January 20, 1905.

**Statement by the Court.** This is an action on the case brought by appellee against the City of Chicago and McKechney and others, contractors, to recover damages to his lot and buildings resulting from the construction of a water tunnel for the city in so negligent and improper a manner as that the earth sank and the buildings on the lot were cracked and damaged. The contractors were found not

guilty but there was a verdict against the city for $4,490 damages and from a judgment on this verdict the city appealed. The appeal was taken to the October term, 1903. Appellant's brief was filed January 20 and the case taken on appellant's brief January 29, 1904. February 1, appellee moved to set aside the order taking the case on appellant's briefs and for thirty days additional time in which to file briefs for appellee. February 5, the first motion was denied and the second allowed. March 4, appellee moved to strike the bill of exceptions from the record and the motion was reserved to the hearing.

THOMAS J. SUTHERLAND, for appellant; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

HEALY & CAYLOR and JAMES P. HARROLD, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The motion to strike the bill of exceptions from the record comes too late, after the case has been taken and after joinder in error, and will be denied. Kane v. The People, 13 Ill. App. 382; Purvis v. Standifer, 14 Ill. App. 435.

The contention of appellant that the trial court erred in refusing to admit in evidence the record of the chancery court in which the contractors obtained an injunction restraining the city from forfeiting the contract for the construction of the tunnel and from interfering in any way with the construction of the tunnel by the contractors cannot be sustained.

The letter of Commissioner of Buildings McAndrews to the plaintiff should not have been admitted in evidence. The condition of the plaintiff's buildings in August, 1899, should be shown by witnesses and not by proof of either oral or written declarations of city officers as to their condition.

That the city is liable for the negligence of a contractor under a contract identical in its terms and provisions with the contract between the city and McKechney for the construction of the tunnel in question, was decided in Chicago v. Murdock, 212 Ill. 9.

The question of the measure of damages in this case we regard as settled by the decisions of the Supreme Court in Fitzsimons & Connell Co. v. Braun & Fitts, 199 Ill. 390, and in Chicago v. Murdock, *supra*. Each of these cases was an action on the case by a landowner for damages to his premises resulting from the negligent and improper construction of a section of a water tunnel of which this tunnel is another section, under contracts identical in their general terms and provisions with the contract for the construction of this section, and in each case it was held that the true measure of the plaintiff's damages was the cost of repairing his premises and restoring them to their former condition. In this case the court instructed the jury for the plaintiff, that he was entitled to recover as damages " the difference in the fair cash market value of his buildings and premises immediately before and after the injuries complained of." It follows from what has been said, that in our opinion it was error to give the above instruction and it was also error to admit evidence of the market value of plaintiff's premises before and after the injuries.

There is no merit in the contention of appellee that because the trial judge, at the close of the arguments to the jury, requested counsel to meet him at his chambers at a given hour to read the instructions offered, make objections thereto, and argue the same, and that at the hour appointed no one appeared for the City of Chicago, the city waived or lost the right afterwards to except to the instructions. The Practice Act gives to a party the right to except to instructions at any time before final judgment, but in this case the bill of exceptions states that the city excepted to the instructions given for plaintiff at the time they were given.

There is evidence in this case tending to show that the tunnel under plaintiff's premises was excavated about the first of November, 1898; that soon after and before any masonry was put in that part of the tunnel, work on the tunnel was stopped; that the tunnel then filled with water and remained filled with water until July or August, 1899,

when the water was pumped out and the masonry put in that part of the tunnel which had not been bricked up when the work was stopped. If for any considerable time it was not reasonably possible for the plaintiff to repair his buildings so as to make them habitable we think he is entitled to recover, in addition to the cost of repairs, the rental value, or the worth of the use of his buildings and premises during the time it was not reasonably possible to repair the same and during the time necessary for the making of the repairs. But it was plaintiff's duty to make such repairs so soon as it was reasonably possible to do so and in the meantime to take reasonable measures to support his buildings and prevent injury thereto, and he cannot recover damages for injuries to his buildings and premises which could have been prevented had he made repairs so soon as it was reasonably possible to do so and taken proper measures to protect his buildings from injury in the meantime, so far as it was reasonably possible to do so.

The judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice SMITH did not take part in the decision of this case.