### Donk Bros. Coal & Coke Company v. Demetes Slata.

### Donk Bros. Coal & Coke Company v. Charles Zanetto. Consolidated for Hearing.

1. PEREMPTORY INSTRUCTION—*when properly refused.* A peremptory instruction is properly refused where there is evidence tending to prove all the material allegations of the declaration.

2. MEASURE OF DAMAGES—*in action for damages to real property for injury to support.* In such case the measure of damages is the cost which would be required to repair or restore the premises to the condition in which they were prior to the injury complained of.

Trespass on the case. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

WARNOCK, WILLIAMSON & BURROUGHS and FORMAN & WHITNEL, for appellant.

C. H. BURTON and W. E. WHEELER, for appellees.

· MR. JUSTICE MYERS delivered the opinion of the court.

This is an appeal from judgments in two cases which, by agreement, were tried together in the court below before the same jury at the same time, separate verdicts being returned. Likewise, by agreement, the cases are consolidated in this court, and presented on one record.

The appellees, Demetes Slata and Charles Zanetto, each owned a lot in the village of Maryville, Madison county. On each of these lots was a small frame cottage with brick foundation, a well and cistern. The appellant, Donk Bros. Coal & Coke Co., owned the coal underlying the lots in question and prior to the commencement of these suits operated a mine at Maryville. The declarations are substantially the same, consisting of one count, by which it is alleged that the appellant drove certain entries, cross-cuts, rooms and places under, near to, and across the premises of appellees, and removed therefrom the coal, etc., and thereby caused the ground to subside, sink and the buildings to settle, crack, twist, etc., to the damage of appellees respectively. The appellant filed the general issue. The cases were tried by a jury and a verdict returned in favor of appellee Zanetto for $250 and for Slata for $300. A motion by appellant for a new trial was denied, and judgment rendered on the verdict, from which this appeal was taken.

At the close of plaintiff's evidence and again at the close of all the evidence, defendant asked for peremptory instructions to the jury to find the defendant not guilty. Error is assigned upon the rulings of the trial court in admitting and excluding evidence, in the giving and modifying of instructions, and in rendering judgment on the verdict for appellees.

The contention of appellant is founded upon three propositions presented in argument, stated as follows: (1) There

is no injury chargeable to appellant; (2) there is no evidence on which any amount of damages could be ascertained or based; and (3) erroneous rulings of the trial court as to the measure of damages in admission of evidence, and the giving and refusal of instructions. To hold with appellant on the first point requires that the court should determine a material fact from a conflict of evidence bearing upon a disputed question. The argument is based upon the assumption that there was no sinking or subsiding of the ground and that the injury to appellees' property was due wholly to the location of the houses and their manner of construction and not at all to any act of appellant. Upon this record it may not be seriously contended that there is no evidence tending to prove all the material allegations of the declaration, as well those which pertain to the act of the appellant as those which aver cause and consequence. There is evidence, the credibility and weight of which were for the jury to determine, that in mining the coal the surface support of the ground owned by appellees was removed, and that there was a fall or sinking of the ground causing the injury alleged in the declaration. This being the record as to the evidence it was not error to refuse the peremptory instruction, and appellant's first point in argument is without force. The second and third propositions contended for by appellant may be considered together, as they relate to the admission and probative effect of evidence in proof of damages, and the proper rule as to the measure of damages to apply in the trial of these cases. It is insisted by appellant's counsel that for the injuries here complained of, the measure of damages is the diminution in the market value of the premises as affected by the injury, and not what it will cost to repair or restore them. The decision of this question will determine the propriety or correctness of the trial court's ruling in admitting the testimony objected to, and in modifying instructions offered by appellant in the trial. As a general rule, the measure of damages in actions for injuries to real property is the difference in market value before and after the injury to the premises. To this rule there are exceptions,

and especially where the injuries are of the kind and char-
acter alleged in this case, it has been held that the cost of
repair or of restoring the premises to their original condi-
tion, is the true and better rule to apply.   This rule, and
the reasons for it are well stated by the court in Hartchorn
v. Chaddock, 17 L. R. A., 426, N. Y. Court of Appeals—in
discussing the measure of damages caused by the washing
away of 1,600 cubic yards of the soil of the plaintiff's town
lot, the only question being whether the diminution in the
market value or the cost of refilling the wash-out was the mea-
sure of damages.   The court says:   "If buildings are in-
jured, fences or other fixtures removed, the cost of restoring
the buildings and the value of the fixtures would generally
constitute complete indemnity.   In this case the defendant is
chargeable with removing a portion of the soil from the plain-
tiff's land.   Had the quantity removed been one yard, instead
of 1,600, no one, it is believed, would then contend that the
plaintiff would be restricted to such damages as he could show
by the diminution in the value of the land.   *   *   *   It is
difficult to formulate a general rule that would apply to all
cases of injury such as this to real property.   Had the de-
fendant broken a window in the plaintiff's house there is no
doubt that the cost of completely repairing it would be the
proper measure of damages.   There are many cases of injury
to real estate where the cost of repairing the injury may be
the proper measure of damage.   *   *   *   The rule seems to
be that, when the reasonable cost of repairing the injury, or,
in this case, the cost of restoring the land to its former condi-
tion, is less than what is shown to be the diminution in the
market value of the whole property by reason of the injury,
such cost of restoration is the proper measure of damages.
On the other hand, when the cost of restoring is more than
such diminution, the latter is generally the true measure of
damages, the rule of avoidable consequences requiring that
the plaintiff shall diminish the loss as far as possible."   In
FitzSimons & Connell Co. v. Braun & Fitts, 94 App.,
533, an action to recover for injuries to a building caused
by the use of explosives in constructing a tunnel on adjacent

property, it was contended by the defendant against the ruling of the trial court, that the true measure of damages was the difference between the market value of property before and after the injury and that it was error to admit evidence of the cost of repairs. The court says: "Here there is no question of injury to the land. The injury is to the building only and is of such a character that it may be precisely remedied by repairs." The Supreme Court (199 Ill., 390) affirmed the judgment of the Appellate Court, and upon the contention as to the proper measure of damages observes: "We think the cost of repairing the building and restoring it to its proper condition was the true measure of damages," and quotes from Sutherland on Damages: "And that valuation should be adopted which will be most beneficial to the injured party, for he is entitled to the benefit of the premises intact and to the value of any part separated. The damages for injury done to a house are measured by the cost of restoring it to its 'previous condition." In the cases at bar there was no charge that the land, apart from the improvements thereof, was injured, nor does it appear that in present or prospective use the land itself was diminished in value. It is only for the injury to the buildings, which are a part of the real estate premises as a whole, for which a recovery is sought, and from which the appellant may be held liable if the declaration is proved. Wilms v. Jess, 94 Ill., 464.

We are therefore of opinion that the measure of damages in these cases was the cost of repairing whatever injury to the houses may have been caused by appellant and within the averments of the declaration. It follows from this that. the court did not err in its ruling upon the testimony of the witness Joseph Nikola, who testified to an examination of the properties injured, their condition, and the cost of repair. Nor was error committed in modifying appellant's instructions as to the rule to be applied in assessing damages. It is stated by counsel for appellant that the court instructed the jury on the theory that plaintiff would be entitled to the sum required to repair, even though the testimony did not sep-

arate the injuries caused by appellant and that which was the natural result of age or original defective construction. Whatever the court's theory upon the question of damages is to be found in appellant's instructions alone, and of this it may not complain. At the appellant's instance the jury were instructed repeatedly in substance, that the plaintiffs could recover for only such damages as they proved by a preponderance of the evidence to be the direct and proximate result of the defendant's act as charged in the declaration. The estimate of the witness Nikola was for the repair of the injuries testified about, which he saw, and all of which injury appellees claimed to have been due to the sinking of the land. Appellant introduced evidence to prove that the injury was wholly or in part due to other causes. It was for the jury, under the evidence produced, to make the separation, if any, and determine how much of the damage was due to one cause or the other, and make allowance for only that part of the damages chargeable to appellant. If evidence to separate the damages was required it was for appellant to produce it. If the jury should have been specially instructed in that respect it was for appellant to tender such instruction. It may be that the allowance in damages is liberal, but considering the estimates of witnesses for appellant, as well as those for appellees, we cannot say that they are grossly excessive. Without prejudicial error in the record the judgment of the Circuit Court should be affirmed.

*Affirmed.*