Donk Bros. Coal & Coke Co. v. Novero.

## Donk Bros. Coal & Coke Company v. Louis Novero.

1. SUBSIDENCE—*liability for injuries to artificial structures by mining operations.* Where subsidence is occasioned by the removal of lateral support, liability results for injuries to artificial structures; where the injury would have resulted from the act if no buildings existed upon the surface, the act creating the subsidence is wrongful and renders the owners of the mine liable for all damages that result therefrom, as well to the buildings as to the land itself.

2. MEASURE OF DAMAGES—*in actions for injuries to real property.* As a general rule, the measure of damages in actions for

634      APPELLATE COURTS OF ILLINOIS.

VOL. 135.]      Donk Bros. Coal & Coke Co. v. Novero.

injuries to real property is the difference in market value before and after the injury to the premises. To this rule, however, there are exceptions, and in some cases the cost of repairing or of restoring the premises to their original condition is the true and better rule to be applied. That measure of damages, therefore, will be adopted which will be most beneficial to the injured party, for he is entitled to the benefit of the premises intact and to the value of any part separated.

Action on the case. Appeal from the Circuit Court of Madison county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

WARNOCK, WILLIAMSON & BURROUGHS and FORMAN & WHITNEL, for appellant.

TERRY & GUELTIG, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case brought by appellee against appellant to recover damages for injuries to certain lots and buildings and improvements thereon alleged to have been caused by mining operations under and near the premises. Appellant owned and mined the coal underlying four lots owned by appellee in Maryville, Illinois. The substance of the charge variously stated by six counts of an amended declaration is, that appellant so mined and removed the coal from beneath appellee's lots that the surface of the ground subsided, cracked and caved in, thereby injuring appellee's premises and the improvements thereon. A plea of the general issue was filed and the case tried by a jury which returned a verdict for the plaintiff and assessed his damages at $800, upon which the court rendered judgment. The evidence appearing in the abstract not only tends to prove but warrants a finding that all the material allegations of the declaration are true and that the injury complained of was caused by the wrongful acts of the defendant as in the declaration alleged. All the witnesses testify that

there was in fact a "squeeze" affecting a large part of the vicinity of appellee's property, and the contention of appellant under its first point in argument that the "squeeze" did not occur under appellee's lots is not in accord with all the evidence. A number of witnesses testified to the contrary, and being a controverted question of fact submitted to the jury the court will not interfere. Under the evidence appellant's second contention, that where subsidence is occasioned by removal of the lateral support there is no liability for injuries to artificial structures, has no application in this case, if indeed it would have application in any like case where the action is for damages caused by mining. The case of Wilms v. Jess, 94 Ill. 464, is in point that, "where the injury would have resulted from the act if no buildings existed upon the surface, the act creating the subsidence is wrongful and renders the owners of the mines liable for all damages that result therefrom, as well to the buildings as to the land itself." According to the testimony of all the witnesses there was a "squeeze" in appellant's mine, and this is evidence of insufficient support and consequent subsidence of the surface. With nothing in the record to rebut this evidence or to show that the "squeeze" and subsidence was due wholly or in any part to the weight of the buildings, it follows that the damages allowed should be commensurate with the injury sustained. Appellee was the owner of the superincumbent and superior estate and under the law the right of support is absolute and without condition. If by the removal of coal under the land he was deprived of the necessary support for his land, appellant became liable to respond in damages for all injuries to appellee's property including the buildings. Lloyd v. Catlin Coal Co., 210 Ill. 460. The jury at the instance of appellant, was fully and repeatedly instructed as to the measure of damages and the rule to be applied in this case and there is nothing in the record to indicate or suggest that the jury acted in disregard of these or

636     APPELLATE COURTS OF ILLINOIS.

VOL. 135.]     Donk Bros. Coal & Coke Co. v. Novero.

other instructions. The condition of the buildings, cisterns or other structures was properly to be considered by the jury in determining the market value of the property and so far as these buildings and structures were affected by the subsidence of the ground on which they stood, their injury was an element in the measure of damages. As a general rule, the measure of damages in actions for injuries to real property is the difference in market value before and after the injury to the premises. But as said in Donk Bros. Coal & Coke Company v. Slata, 133 Ill. App. 280: "To this rule there are exceptions and especially where the injuries are of the kind and character alleged in this case, it has been held that the cost of repair or of restoring the premises to their original condition is the true and better rule to apply." The valuation should be adopted which will be most beneficial to the injured party, for he is entitled to the benefit of the premises intact and to the value of any part separated. 3 Sutherland on Damages, sec. 1018; FitzSimons & Connell Co. v. Braun, 199 Ill. 390. Under the rule contended for by appellant and applied in the case at bar, the damages would be the difference in the market value of the property before and after it was injured. The value at any time depended upon the condition of the buildings. The best evidence of the extent of the injury to the buildings is the cost of restoring them to the condition before the injury. Or put in another way, the value of the property as affected by the buildings will be depreciated by injury to the building, and a fair measure of that depreciation will be the necessary cost and expense to repair the building and restore it to its original condition. We find no substantial error in the court's rulings on evidence, nor in the giving and refusal of instructions. The amount of damages is quite within the estimate of witnesses testifying upon that subject and we are not prepared to say that the judgment should be reversed because of

excessive damages allowed. In accordance with the foregoing opinion the judgment of the Circuit Court will be affirmed.

*Affirmed.*