### Samuel Richards and Mary Richards, Appellees, v. Aloys Gundlach and Joseph E. Gundlach, Appellants.*

1. DAMAGES—*for realty injuries after beginning suit.* In order to recover damages to realty after commencing suit, the injury must be of permanent character and continue to produce loss, and in such case both past and future damages may be recovered.

2. DAMAGES—*for land subsidence after beginning suit.* The removal of coal without leaving sufficient subjacent support, resulting in surface subsidence and cracking, cannot be said to result in future injuries, and damages should be confined to such as occur before suit is brought.

3. DAMAGES—*measure for building injuries.* The proper measure of damages for injuries to buildings but not to the land is the cost of restoring them to their condition just prior to the injury.

4. DAMAGES—*measure for realty injuries.* The measure of damages for injuries to real property is the difference in the market value before and after the injury.

5. DAMAGES—*what value adopted in measuring land injuries.* That valuation which will be most beneficial to the injured party should be adopted in determining damages from land subsidence due to excess coal removal.

6. DAMAGES—*error and exclusion of restoration cost cured by later admission.* Any error in excluding testimony in an action for damages to realty by undue removal of coal causing surface subsidence, that the cracks and depressions could be filled, is cured by later admitting proof as to the probable cost of such restoration.

* Received from clerk of Appellate Court, August 8, 1927.

7. DAMAGES—*what instruction on restoration cost may cover.* An instruction in an action for damages for causing land subsidence may rightly tell the jury they may consider the cost of filling cracks and depressions on the land in determining damages sustained by plaintiff.

8. DAMAGES—*when erroneous admission of land subsidence evidence not reversible.* In an action for damages for causing land subsidence, improper admission of evidence of land subsidence damages after suit was begun was not reversible error, in view of the fact that the injury was substantial, that the court instructed the jury damages should be limited to injuries prior to the suit, and that there was a remittitur of one-fifth of the verdict.

Appeal by defendants from the Circuit Court of St. Clair county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

P. K. JOHNSON, for appellants.

W. E. KNOWLES, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action on the case was instituted by appellees in the circuit court of St. Clair county against appellants to recover damages alleged to have resulted to appellees' lands from the removal by appellants of the underlying strata of coal therefrom without leaving sufficient support.

At the time this suit was brought, appellants had taken coal from approximately one-fourth of appellees' land, consisting of 12 acres. Some parts of the surface of the land over which the coal had been taken subsided, leaving depressions, the largest of which was about 62 feet by 54 feet, and 18 inches deep. There were six or seven of these depressions in different places on said lands. Cracks appeared in certain of these, the largest being about 3 feet wide; others were not so wide. A trial was had resulting in a verdict in favor of appellees for $1,000. A remittitur of $200 was made by appellees, and the court rendered judgment against appellants for $800. To reverse said judgment, this appeal is prosecuted. Appellants con-

tend that the court erred in its rulings on the evidence and the instructions, and that the damages are excessive.

It is contended by counsel for appellants that the court improperly admitted evidence of a depression on said premises subsequent to the bringing of said suit.

While courts have permitted a recovery for injuries sustained after commencement of suit, it has only been in cases where the injury is of a permanent character and must necessarily continue to produce loss. In such cases, not only past but also future damages may be recovered. *Suehr v. Sanitary Dist. of Chicago,* 242 Ill. 496, and cases cited therein. The taking out of coal without leaving a sufficient support for the superincumbent land may or may not cause injuries thereto in the future. This being true, the damages should be confined to such as have occurred before suit is brought. *McConnel v. Kibbe,* 33 Ill. 175; *Catlin Coal Co. v. Lloyd,* 109 Ill. App. 122; *Morris v. Saline County Coal Co.,* 211 Ill. App. 178–186.

In *Catlin Coal Co. v. Lloyd, supra,* the court at page 125 says: ''For the damages occasioned from subsidences of such parts of the land as had taken place at the time this suit was commenced, the appellee could in this action recover, but not for such as might thereafter occur,'' citing *McConnel v. Kibbe,* 33 Ill. 175.

We therefore hold that it was error to admit evidence of injuries sustained after the filing of said suit.

It is also contended by counsel for appellants that the court erred in permitting appellees, over appellants' objection, to give evidence of the market value of their premises before and after the subsidences in question had taken place; that the question of the market value of the premises is not involved. Counsel concedes that appellees are entitled to damages, but insists that the true measure of damages is the cost of restoring the premises to the condition they were in

before the injury occurred. In support of this contention counsel cites: *Donk Bros. Coal & Coke Co. v. Slata*, 133 Ill. App. 280; *Donk Bros. Coal & Coke Co. v. Novero*, 135 Ill. App. 633; *Fitzsimons & Connell Co. v. Braun*, 199 Ill. 390; *City of Chicago v. Murdock*, 212 Ill. 9.

In the cases cited, the damage sustained was the amount of injury to buildings and in each case there was no charge that the land was damaged. It was held in those cases that the cost of repair and the restoring of premises to their original condition at the time of the injury was the proper measure of damage. However, in *Donk Bros. Coal & Coke Co. v. Slata*, *supra*, and *Donk Bros. Coal & Coke Co. v. Novero*, *supra*, this court held that as a general rule the measure of damages in actions for injuries to real property is the difference in the market value before and after the injury to the premises. In R. C. L., vol. 8, p. 482, the rule is stated thus: "Usually depreciation in the value is determined by taking the difference between the value immediately before and that immediately after the injury." To the same effect is 17 C. J., p. 880. The law further is that that valuation should be adopted which will be most beneficial to the injured party, as he is entitled to the benefit of his premises intact. *Fitzsimons & Connell Co. v. Braun*, 199 Ill. 390; *Donk Bros. Coal & Coke Co. v. Novero, supra.*

In this case there is no claim for damages to buildings, the whole injury complained of being to the land itself. We are therefore of the opinion and hold that the measure of damages is the difference in the value of said premises immediately before and after the injury in question, and that the court did not err in admitting the evidence complained of.

It is also contended by counsel that the court erred in sustaining an objection to testimony offered by appellants to the effect that said depressions and cracks could be filled up and said premises restored to their

original condition. While the court sustained an objection to such evidence when first offered, it afterwards permitted appellants to offer such proof, including the opinion of an engineer as to the probable cost of such restoration. Appellants were therefore not prejudiced by said ruling.

Certain instructions offered by counsel for appellants and refused by the court advised the jury that the cost of restoration was to be taken as the measure of damages. For the reasons we have already given, these instructions were properly refused.

Counsel for appellants complains of the court's modification of the following instructions tendered by him:

"Plaintiffs have offered evidence tending to show that the market value of their premises has been decreased by reason of cracks and sinks caused by mining coal, and defendants have offered evidence tending to show that such cracks and sinks can be remedied and the premises restored to their original condition existing before the time such cracking and sinking occurred. It is for the jury to pass upon the credibility and weight to be given to the testimony in the case, and if, from the evidence before you, you believe that the cracking and sinking can be remedied and the premises restored to the original condition existing before cracking and sinking took place, by means of certain work and filling, then you should award to the plaintiffs only such amount of money, if shown by the evidence, that would be required to do and perform such work and filling."

The court modified this instruction by substituting for the last three lines thereof the following phrase: "Then you may consider such evidence for the purpose of determining the amount of damages sustained by plaintiffs." The instruction was given to the jury as modified.

The court committed no error in modifying this in-

struction. In giving the modified instruction, the court informed the jury that it might take into consideration the filling of the cracks and the restoration of the premises in determining the amount of damages sustained by plaintiffs. This instruction stated the rule as favorably to appellants as they were entitled to.

The question remaining to be determined is whether we should reverse the judgment and remand the case because of the error in the admission of the evidence as to the subsidence which occurred after the bringing of this suit and before trial.

No instructions were tendered by appellees. Two instructions were given on behalf of appellants, limiting the right of recovery to damages which occurred prior to the beginning of the suit.

The damages, as testified to by appellees' witnesses, run from $1,800 to $3,000, based on the difference in value of the premises before and after the injury complained of, while appellants' evidence is to the effect that the cost of restoration would be about $150. We have held, however, that in this character of case, the measure of damages is as contended for by the appellees. It might be observed in this connection that the testimony of appellants' witness who claimed the premises could be restored is very unsatisfactory, even if it be conceded that appellants are right in their contention.

The evidence in this case tends to show that the cracks in appellees' land extend from the surface to the coal strata, some 125 feet, and the witness upon whom appellants relied largely as to the cost of restoring the land stated that it would be necessary to take out the soil around these cracks and refill them with clay or material impervious to water, then fill in with soil again, and that this method of shutting out the water from the cracks and refilling would perhaps require a period of several months or perhaps two years, when the land would stop cracking. His own

words are as follows: "If there is no further settlement from below, after a period of two years this settlement would be completed. We generally assume that in two years ground will have reached its original compactness and is fit for the same purpose it was before any settlement took place."

He also stated in connection therewith: "If you fill them up (the cracks) and they don't wash down any more, they will be alright after two years."

The element of uncertainty is present to such an extent that it would not be fair to appellees to have their damages ascertained on the basis contended for by appellants. *Fitzsimons & Connell Co. v. Braun, supra; Donk Bros. Coal & Coke Co. v. Novero, supra.*

In view of the size and character of the subsidence shown to have occurred subsequent to the beginning of the suit, and in view of the instructions of the court that the jury should limit the damages as stated, and taking into consideration the testimony of the witnesses as to the amount of damages sustained, we hold that the trial court was warranted in rendering judgment for the amount of the verdict after deducting the remittitur of $200.

For the reasons above set forth, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*