**David Johnson and Amanda Johnson, Plaintiff-Appellees, v. Pagel Clikeman Company, Inc., and Roland Hamburg, Defendants-Appellants.**

**Gen. No. 10,467.**

Opinion filed May 24, 1951. Released for publication June 11, 1951.

MAYNARD & MAYNARD, of Rockford, for appellants.

KNIGHT, HAYE & KEEGAN, of Rockford, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

David Johnson and Amanda Johnson owned a seventy-acre farm in Winnebago county, Illinois. Located on the farm was a barn thirty-two by fifty feet, which contained hay, cattle, farm machinery and corn. The Johnsons also owned a John Deere tractor which was out of repair. The Johnsons called Pagel Clikeman Company who were dealers in farm implements and engaged in the repair of such farm equipment, to come out and repair the tractor. Pagel Clikeman Company had in its employ a mechanic by the name of Roland Hamburg and they sent him out to the Johnson farm to repair the tractor. The tractor was driven into the barn on the premises and while Hamburg was working on the same, there was a fire and the barn was totally destroyed and a large quantity of hay, corn, etc., was burned, also the tractor in question. In April 1949, the Johnsons started a suit in the circuit court of Winnebago county, against Pagel Clikeman Company and Roland Hamburg for the damage they had sustained because, as they claimed the fire was caused by the negligence of Hamburg who was the agent of Pagel Clikeman Company. The case was submitted to a jury

that found the issues in favor of the plaintiffs and assessed their damage at $14,500.

The defendants entered a motion for judgment notwithstanding the verdict, also a motion for a new trial. Each of these motions was overruled by the court. The court ordered a remittitur of $2,250 to be filed by the plaintiffs, or the motion for new trial would be granted. The plaintiffs filed the remittitur, and judgment was then entered in favor of the plaintiffs in the sum of $12,250, and it is from this judgment that the defendants have perfected an appeal to this court.

There is very little dispute about the evidence in this case. The record shows that Mrs. Johnson called the Pagel Clikeman Company and stated that their tractor was out of repair. The company then sent Roland Hamburg, one of their mechanics, out to repair the tractor. This was in the month of December and when Hamburg got out to the Johnson farm it was cold and the tractor was in a shed. Hamburg asked Ray Miller, who was employed by the Johnsons, if there was not a warmer place that they could take the tractor to work on it. Miller suggested that they drive it into the barn. Hamburg got the tractor started. Miller preceded him down towards the barn, opened the doors and they drove the tractor inside onto the concrete floor. Miller then suggested to Hamburg that they drive the tractor farther down into the barn, as where it was then standing it would interfere with getting the cows in and out of the barn. Hamburg took the tractor apart and was ready to start back to the company's place of business when Miller suggested that they take the carburetor along and clean it, which Hamburg did. On his return to the Johnson farm, he assembled the tractor and then attempted to start it, but it would not start. He took some of the spark plugs out and laid them on top of the engine, but still connected with the wiring. He turned the engine over, and it is claimed that gasoline

came out of the top of the engine and a spark from the plugs ignited it, which caused the fire, and the barn and contents were consumed.

It is first insisted that the court erred in allowing the plaintiffs to prove the replacement value of the barn, as the measure of damage. The appellants contend that the measure of damage would be the price of the farm before the fire, and the amount that it would sell for after the fire.

 To support the contention of the appellees that their evidence which they introduced to sustain their position that the replacement value of the barn would be the correct measure of damages, they cite the cases of *Donk Bros. Coal & Coke Co. v. Slata,* 133 Ill. App. 280 and *Donk Bros. Coal & Coke Co. v. Novero,* 135 Ill. App. 633. It will be observed in both of these cases the damaged buildings were not totally destroyed, but could be repaired. There is a different rule of law applied in measuring the damages under such circumstances. This court in the case of *Clark v. Public Service Co. of Northern Ill.,* 278 Ill. App. 426, had the identical question presented to us, and in our opinion we reviewed and distinguished the two cases above mentioned, and reviewed several other cases where the courts had passed on this same question. It will be observed in the *Clark* case, and the case that we are now considering, that the buildings in question were totally destroyed, and in the *Clark* case we there stated: ''We are of the opinion the proper measure of damages in the instant case is the difference in market value of the property before and after the fire.'' Anyone driving through the country will frequently observe old and dilapidated buildings, especially large old barns that are practically worthless, but are still being used by the farmer on the premises. If through the negligence of someone, one of these old buildings was burned, certainly the owner could not contend that

349

he had been damaged to the amount that it would cost to replace one of these old structures. It is a common knowledge that in many cases it would cost ten times as much to replace one of these old barns as it is actually worth.

█ █ The appellants seriously contend that the court erred in not giving their instructions relative to the contributory negligence of the owners of the premises. The court based his opinion, evidently on the fact that the defendant, Pagel Clikeman Company, was an independent contractor, therefore contributory negligence of the Johnsons would not be a defense to this action. Our attention has not been called to any case that supports this contention. The evidence clearly establishes the fact that the hired man directed the mechanic to take the tractor in question, into the barn of the plaintiffs, and also requested him to drive it farther into the barn where the explosion occurred and started the fire. There might be some question whether Miller, the hired man, was the agent of the Johnsons in so directing where the tractor should be taken, but that would be a question of fact for the jury to determine. Just suppose that Mr. Johnson himself had been at the farm and directed the mechanic to take the tractor into the barn, and he had come into the barn with an open bucket containing gasoline and stayed close enough to the tractor when it was being started, that it caused an explosion and started the fire. Could it then be said that the contributory negligence of the owner would not be a defense to the action, simply because the company that was servicing the tractor was an independent contractor? Certainly not. It also must be observed that Roland Hamburg was a party defendant to this suit. We think that the court erred in not giving the defendants' instructions on the contributory negligence of the plaintiffs. Complaint is made in regard to the instructions given on behalf of

350

the plaintiffs. We find no error in these instructions, as we think they properly set forth the theory of the plaintiffs' case.

It is our conclusion that the court erred in submitting to the jury an improper measure of damages and refusing to instruct the jury of the defendants' theory of the case of the contributory negligence of the plaintiffs that caused the fire.

*Reversed and remanded.*