E. A. FABIAN *et al.*

*v.*

JOHN E. TRAEGER, Coroner.

*Opinion filed April 17, 1905..*

1. FRAUD—*fraud may be inferred from circumstances proven.* While fraud cannot be presumed, yet it may be inferred from facts and circumstances shown and inferences deducible therefrom, based · upon the probabilities of human conduct.

2. SAME—*evidence tending to throw light on alleged fraudulent transaction is admissible.* In admitting evidence to establish fraud a reasonable latitude must be allowed on both direct examination and cross-examination, and in the case of the latter the court should admit evidence having a reasonable tendency to throw light on the transaction, even though inquiry is as to matters not touched upon in the direct examination.

3. EVIDENCE—*what is admissible as tending to show fraud.* As tending to show that a sale was made to defraud creditors, it is competent to show that on the same day there was a second sale of another stock of goods owned by substantially the same parties, to the same buyer, where such sales were so closely connected as to raise the presumption they were parts of the same transaction.

4. SAME—*when evidence as to financial condition of buyer is not error.* Admitting proof that the buyer of a stock of goods was a man of no means a few weeks before the alleged purchase, instead of confining the proof to the actual time of the transaction, is not reversible error, where the objection to the evidence was not upon that ground. ᵕ

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

In November, 1897, the Greenwald Furniture Company, a corporation, was conducting a retail furniture business at Nos. 4611 and 4613 Wentworth avenue, Chicago. Katy Greenwald was the president and Joseph Greenwald was the secretary of the corporation. Katy Greenwald was the wife of Morris Greenwald, a member of the firm of Greenwald & Blum, also engaged in the retail furniture business at No. 4733 South Ashland avenue, Chicago. Joseph Greenwald and Morris Greenwald were brothers. The Greenwald Furniture Company was in financial distress, and on November 20, 1897, made a transfer of all of its property to appellant E. A. Fabian, a creditor, for an alleged consideration of $2505.04. On November 22 thereafter the Reading Stove Works, (Orr, Painter & Co.,) another creditor, brought suit in assumpsit against said corporation with attachment in aid thereof, and caused a levy of the writ to be made on the goods at Nos. 4611 and 4613 Wentworth avenue. Upon a trial of that action a judgment was rendered for $1071.07 in favor of the plaintiff. On November 23 of the same year the appellant Fabian replevied the goods attached, and they were turned over to him by the coroner. After selling a part at retail, in December following he sold the remainder for $1200 to one Edward Hertzel, a relative by marriage of Joseph and Morris Greenwald. The replevin suit was dismissed without a trial, and the present action is upon the replevin bond, for the use of the Reading Stove Works. Upon the trial the defendants claimed that Fabian was the owner of the goods. Judgment was rendered for the plaintiff for $1467.81, which has been affirmed by the Appellate Court, and this further appeal is prosecuted.

B. M. SHAFFNER, for appellants.

W. P. BLACK, and A. L. WINTERS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It was earnestly contended in the Appellate Court that the verdict and judgment in the trial court were not sustained by the evidence, but by its judgment of affirmance the Appellate Court has settled that question in favor of the appellee.

The first ground of reversal urged in this court is, that the appellee was permitted to show on the trial that Fabian, on the day of his alleged purchase from the Greenwald Furniture Company, also purchased the stock of Greenwald & Blum, thus attempting to prove fraud in the former transaction by assumed, but wholly unproved, fraud in the latter. In other words, it is claimed by Fabian that on the same day he purchased the furniture company stock he also bought the stock of Greenwald & Blum for $3500, paying for the same in money and by assuming debts of the firm, the purchases of the two stocks being entirely independent of each other, and as no fraud in the latter was ever charged, the admission of testimony as to it was erroneous and highly prejudicial to his rights, the effect being to divert the attention of the jury from the real issue being tried. We do not think this contention can be sustained. The validity of the sale to Fabian by the furniture company was attacked by the Reading Stove Works upon the ground of fraud, being an attempt on the part of the furniture company to place its property in his hands so it could not be reached by its general creditors. While fraud can never be presumed, yet it may be inferred from facts and circumstances shown, and inferences deducible therefrom, based upon the probabilities of human conduct. (*Podolski* v. *Stone,* 186 Ill. 540; *Schumacher* v. *Bell,* 164 id. 181.) A reasonable degree of latitude is allowed in the admission of evidence to establish fraud, not only in the direct examination of witnesses but in their cross-examination. It is error for the court to refuse

to admit evidence having a reasonable tendency to throw light on the transaction, even though the inquiry is as to matters not touched in the direct examination. (14 Am. & Eng. Ency. of Law,—2d ed.—p. 493.) The question at issue being whether or not the sale was made for the purpose of hindering, delaying and defrauding creditors of the vendor, any evidence tending to throw light upon the transaction was competent. Both sales were made on the same day, in substantially the same manner, and to a certain extent between the same parties. Katy Greenwald was the president of the furniture company and the wife of the senior member of the firm of Greenwald & Blum. Morris Greenwald and Joseph Greenwald were brothers, engaged in the same line of business, and Fabian claimed on the trial that he had extended credit to both corporation and firm, paying for both stocks of goods by such credits, and by money and the assumption of the debts of both firms. The sales were so closely connected with each other as to fairly raise the presumption that they were parts of the same transaction. We think the circumstances attending each of the sales were competent for the consideration of the jury in determining whether the first was *bona fide* or fraudulent. The transactions were not wholly disconnected and independent of each other, and hence the authorities cited by counsel for appellants are not in point. The evidence was also admissible as tending to establish the financial ability of Fabian to make the purchase.

It is again contended that it was error to admit certain portions of the evidence of Samuel H. Harris. Harris had been a witness in another case, and being absent at the time of this trial it was agreed that his former testimony might be read, in so far as it was competent and relevant to the question at issue. He was asked by counsel for appellee as to the financial standing of Hertzel, who had purchased the stock from Fabian. Over the objection of appellants the answer was admitted, to the effect that he was a man of no

financial means. The contention is that the answer is a mere conclusion, and not limited to the time of the particular transaction. The evidence shows that Hertzel was a salesman employed by Harris in December, 1897. He testified to certain conversations with Hertzel during that month, and while the question as to the financial standing of the former was not expressly limited to the date of the sale, it was made in the same month in which the witness was in the employ of appellant and in which the conversations were had. It may be reasonably inferred that the answer necessary, in order that the testimony should be competent, be confined to the exact date of the sale. It was competent to prove the alleged purchaser's financial ability about the time of the transaction. Moreover, the objection to the testimony was general, and not special. Had the objection now urged been pointed out it might readily have been removed.

It is also insisted that the court erred in permitting the witness Winter to narrate a conversation with M. L. Greenwald, who testified on behalf of appellants, which conversation took place out of the presence of the latter. The abstract of the record fails to show that any objection was made to the testimony at the time it was admitted or that any exception was preserved to its admission. In the absence of any ruling by the court and exception thereto the appellants can not be heard to complain. The additional abstract of record filed by appellee also shows that the question and answer complained of were offered for the purpose of impeaching Greenwald, the witness, and that a proper foundation had been laid for the same.

Complaint is lastly made of appellee's first instruction, which, in substance, told the jury that the burden of proof was upon the defendants to show title in E. A. Fabian "to the property replevied," and that if they believed, from the evidence, that the testimony bearing upon his title to the goods was evenly balanced or preponderated in favor of the plaintiff, then they should find for the plaintiff. The objec-

tion is, that after the words "to the property replevied" there should have been added the words, "at the time of levying the attachment in question." The issue was as to the owner-ship of the property at that and no other time. All the tes-timony was directed to the title at the time the attachment was levied. In view of this evidence the criticism upon the instruction is exceedingly technical. The jury could not have been misled by the omission of the words designated.

We find no reversible error in this record, and the judg-ment of the Appellate Court will be affirmed. The motion of appellee to assess damages will be denied.

*Judgment affirmed.*