Mayme Marchetti, Plaintiff-Appellee, v. Lumaghi Coal Company, Defendant-Appellant.

Term No. 57–F–5.

Fourth District.

May 15, 1957.

Released for publication June 4, 1957.

Oehmke, Dunham & Boman, of East St. Louis, for defendant-appellant.

R. H. Burroughs, and Joseph R. Bartylak, both of Collinsville, for plaintiff-appellee.

JUDGE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Madison county, in favor of Mayme Marchetti (hereinafter called plaintiff), as against the Lumaghi Coal Company, in the sum of $3,500, arising by reason of an action to recover damages caused to certain improved real estate by failure of defendant company to leave sufficient support under the plaintiff's land and for damage caused by introducing large quantities of water into the mine shaft of defendant, thereby weakening the support under plaintiff's land. There was evidence of damage to the premises of plaintiff and evidence of surface cracks on plaintiff's premises.

The defendant contends on appeal that the verdict of the jury in favor of the plaintiff should now be set aside on the ground that the court erred in failing to grant a motion for directed verdict at the close of plaintiff's evidence and at the close of all the evidence in the case, so that the sole issue before us on appeal is whether or not there was sufficient evidence presented as a matter of law under the pleadings which justified submission of this case to the jury for its determination. A motion for judgment notwithstanding the verdict and for new trial was made in this cause but no appeal is taken from the court's refusal to grant a new trial.

██ ██ It is well-established that the owner of the surface land subject to coal or mineral rights granted has the right to subjacent support (Jilek v. Chicago W.

& R. Coal Company, 382 Ill. 241, 251; Wilms v. Jess, 94 Ill. 464), and evidence of removal of any such support in the course of mining operations without other proof is prima facie evidence that subsidence or surface damage was caused thereby, and it is for the mine owner who is in control of underground workings and is in possession of facts to show the contrary, if he can, by proof of underground conditions (Standard Oil Co. v. Watts, et al., 17 F.2d 981).

In many such cases, necessarily, only circumstantial evidence becomes available to a plaintiff, but if such circumstances so group themselves as to establish a right to recovery, such evidence is satisfactory and acceptable (Fabian v. Traeger, 215 Ill. 220; Jacobs v. Ill. Nat. Bank & Trust Co., 345 Ill. App. 30).

We have also repeatedly pointed out that when there is any evidence, however slight, which tends to support or establish the issue in a case, a motion for directed verdict should not be allowed and the cause should be submitted to a jury (Bay Island Drainage and Levee Dist. No. 1 v. Nussbaum, 388 Ill. 131).

In the action before us there was evidence that the land owned by plaintiff was improved with a story and a half residence and tavern and dance hall building, partly two-story and partly one-story, and a small four-room house. The buildings were in a good state of repair prior to July 1, 1954. After July 1, 1954 a large crack appeared in the ground, entering plaintiff's land one corner, running through the buildings and emerging on the far side of the buildings, continuing to the far side of plaintiff's property where it abuts the township road. At the same time damage to foundations, floors, walls, and to plumbing was noted in the improvements on the land.

There was also evidence that similar cracks have appeared in other subsidence cases and that where water has been introduced on fire clay at the bottom of a coal mine with sinking of the stratum, cracks on

the surface causing damage to buildings resting on the surface can result. There was evidence that while defendant had not removed coal from under the premises in question for many years, defendant had, over a period of years prior to the damage, introduced large quantities of water (about 200 gallons of water per minute for fourteen hours a day, for two hundred days a year) into the mining shaft of defendant less than a thousand feet from plaintiff's premises.

While there was substantial contradictory evidence, under the facts, it would have been error for the Trial Court to direct a verdict and its refusal to direct such verdict was proper. The court properly submitted the cause to a jury for its determination as to whether or not the surface damage was caused by sub-surface subsidence or action of the water placed in the shaft by defendant as indicated in this opinion. Since questions of fact were properly raised by the evidence and the cause was properly submitted to the jury, the judgment of the Circuit Court of Madison county will be affirmed.

Judgment affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.