HERMAN E. DICK

*v.*

CHARLES E. MARBLE.

*Filed at Ottawa January 15, 1895.*

1. EVIDENCE—*letter of witness admissible to impeach him.* A letter written by a party to a contract to a third party, which is unambiguous and alludes to the amount due upon the contract, is admissible to impeach the writer's testimony as to the amount due.

2. TRIAL—*court cannot weaken effect of letter by instructions.* An instruction weakening the effect of a letter from the plaintiff as impeaching evidence, by making it substantive proof, only, is prejudicial error if the jury find in his favor.

*Dick* v. *Marble*, 51 Ill. App. 351, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

JOHNSON & MORRILL, for appellant.

DEFREES, BRACE & RITTER, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee brought his action of assumpsit to recover a certain sum of money which he claims appellant promised to pay on consideration that appellee would surrender all his interest in two incorporated companies and interpose no objection to the dissolution of the same. Appellee claims that appellant contracted to pay him $11,000 and had paid the sum of but $3200, and sought to recover the balance. The defendant pleaded the general issue, payment and set-off. The defendant denies that he was to pay the plaintiff the sum claimed by him, and there are in the books of the companies matters of record tending to sustain his testimony. There is testimony tending to sustain plaintiff's evidence, but the conflict between the evidence for the plaintiff and defendant is sharp and positive as to a right of recovery. The verdict of the jury was for plaintiff for $5000.

A letter of date February 24, 1891, from appellee to one R. W. Nelson, was in evidence, which letter was of much length, and was written concerning appellee's business transactions in reference to the matters out of which he claims this indebtedness grew, and near the commencement of the letter occurs this clause : "I have given up all hopes of saving my house, as that is simply impossible unless I could get the $2800 cash owing me by H. E. Dick;" and near the close is this sentence: "All I started to ask in the first place was, can you get Herman to pay

me the $2800 he owes me, or can you help me by loaning me some money, or in any other way?" This letter was written before the commencement of this suit, and was offered in evidence by appellant as tending to impeach the testimony of the plaintiff, and was admissible for that purpose, and necessarily had that tendency. It did not, on its face, purport to be an effort at compromise, nor was it in its terms ambiguous. The court, of its own motion, gave to the jury the following instruction:

7. "And in this connection the jury are instructed, that if they believe, from all the evidence, that the letter written by the plaintiff to R. W. Nelson, dated February 24, 1891, in evidence, was not intended to be, and was not, a statement by him of the amount which he claimed as due, and which was in fact due from the defendant to him, (if, from the evidence, the jury believe any sum to be due,) then said letter is not conclusive evidence against the plaintiff of the amount due by the defendant to the plaintiff at the time of the writing of said letter. The law favors the settlement of all disputes, and if, from the evidence, the jury believe that the plaintiff offered and was willing to accept in settlement of his claim the sum named in said letter, and so announced to the defendant or to said Nelson in said letter, then the fact that he was willing to settle his claim for the sum named would not prevent him from afterwards claiming from the defendant any sum he might be able to show, by the evidence, to the satisfaction of the jury, was actually due to him. The jury are to decide just what the plaintiff intended by the statement of said letter,—whether a statement as to what his claim against the defendant was, or a statement as to what he was willing to accept, in view of the statements in said letter and all the other evidence in the case, and what seemed natural and probable under the facts as they appear in evidence. The jury are the sole judges as to what is the truth of the matter, as shown by the evidence."

The letter not being ambiguous, it is, under well established rules, admissible as evidence, and is to be considered by the jury in determining the weight to be given to the testimony of the writer thereof, who is the plaintiff in the suit. Where statements of a witness, made out of court, are introduced for the purpose of impeachment, if the expressions used are in themselves doubtful, on re-examination the sense and meaning thereof may be explained, or where contradictory statements are made, the motives and circumstances under which the statements were made may be shown. The same rule would apply to what is written as well as spoken. The seventh instruction takes from the jury the right of determining the effect of the letter by way of impeachment of plaintiff's testimony, and makes it substantive proof, weakening its effect and destroying it for the purpose for which it was offered and admissible. We are of opinion that the giving of the seventh instruction was error, for which this judgment must be reversed, notwithstanding the fact that a *remittitur* of $2200 was entered in the Appellate Court. The sharply contested issue of fact between plaintiff and defendant was such that the jury should have been correctly instructed as to impeaching testimony.

The judgments of the Appellate Court for the First District and of the circuit court of Cook county are reversed, and the cause is remanded to the circuit court of Cook county.

*Reversed and remanded.*