## Capital Electric Co. v. William Hauswald.

1. PRINCIPAL AND AGENT—*Who Are, as to Third Persons.*—Where one person authorizes a work which is necessarily dangerous, and the natural consequence of which is an injury to the property of a third person, he is to be regarded as the author of the resulting injury.

2. CORPORATIONS—*Can Not Escape Liability by Sub-contracting the Performance of its Duties.*—A quasi-public corporation can not, by subcontracting the performance of its obligations to the city in which it is located, escape liability for injuries necessarily resulting from carrying on its business.

3. SAME—*Liability for Wrongful Acts by Contractors.*—Where a wrongful act is done by contractors under a chartered company, in pursuance of the special powers and privileges conferred by its charter, and but for which it would have no right to prosecute its business, such contractor, as to third parties injured by their acts, will be regarded as the servants of the company, and the company will be liable for such injuries.

4. SAME—*Liabilities for Injuries, etc.—Application of the Rule.*—An electric light company entered into a contract with certain persons who agreed to operate the plant for a period of five years and furnish all the power needed for certain moneyed considerations; during their management of the plant an injury occurred to the property of a third person. The injury was not due to any negligent manner of operation on their part, but necessarily resulted from the operation of the plant at the place where it was located. The company was held liable for the damages resulting from the injury.

**Action to Recover Damages,** resulting from the operation of an electric light plant. Trial in the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

BROWN, WHEELER, BROWN & HAY, attorneys for appellant.

The court erred in ruling that the relation between the Capital Electric Company and McClaskey was that of master and servant. Shearman & Redfield on Negligence, 4th Ed., Sec. 164-165; Hale v. Johnson, 80 Ill. 185; Foster v. Wadsworth-Howland Co., 168 Ill. 514; Coal Run Co. v. Strawn, 15 Ill. App. 350; City of East St. Louis v. Giblin,

3 Ill. App. 219; Arasmith v. Temple, 11 Ill. App. 39; R. R. and Coal Co. v. Caldwell, 17 Ill. App. 409; Andrews v. Boedecker, 17 Ill. App. 213; Chicago City Railway Co. v. Hennessy, 16 Ill. App. 153.

The Capital Electric Company was not in possession of the plant which produced the nuisance. McClaskey and Holcomb were in possession as lessees. Wood, Landlord and Tenant, Secs. 210 and 212; R. R. and Coal Co. v. Caldwell, 17 Ill. App. 409; Pfau v. Williamson, 63 Ill. 16; Scammon v. City of Chicago, 25 Ill. 424; Loan and Trust Co. v. Doig, 70 Ill. 52; Kepperly v. Ramsden, 83 Ill. 354.

The Capital Electric Company is not liable for injuries resulting from the defaults of an independent contractor to whom it had leased the electric plant. West v. R. R. Co., 63 Ill. 545; Chicago City Railway Co. v. Hennessy, 16 Ill. App. 153.

PATTON, HAMILTON & PATTON, attorneys for appellees.

A gas light company, and by analogy an electric light company, exercising, under legislative authority, the right to use the streets of a city, is a business of a public character. It is the exercise of a franchise belonging to the State. Chi. G. L. & C. Co. v. People's G. L. & C. Co., 121 Ill. 530; C., H. & D. R. R. Co. v. Bowling Green, 49 N. E. Rep. 121; Owensborough G. L. Co. v. Hildebrand, 42 S. W. Rep. 351; Brunswick G. Co. v. U. S. G. F. & L. Co., 27 Atl. Rep. 525.

When such a corporation owes a public duty it can not avoid the performance of such duty by contracting for its performance with others. Chi. G. L. & C. Co. v. People's G. L. & C. Co., *supra;* Brunswick G. Co. v. U. S. G. F. & L. Co., *supra.*

A lease by a quasi-public corporation of its property and franchise is *ultra vires* and void. Thompson Com. on Corp., Secs. 5880, 5883; 7 Am. & Eng. Ency. (2d Ed.) p. 747.

A public or a quasi-public corporation can not escape liability for acts done in the legitimate and necessary prosecution of its business by employing an independent contractor or by making a lease. Where the damage is a probable or

necessary result of the act, the corporation is liable. City v. Harwood, 86 Ill. 110; Village v. Chapman, 27 Ill. App. 52, affirmed in 127 Ill. 438; 2 Dillon Mun. Corp. (3d Ed.) Sec. 1029.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee brought this suit to recover damages resulting from the operation of an electric light plant erected by appellant near his residence. There was a trial by jury, resulting in a verdict and judgment in his favor for $400.

The injury to appellee by the operation of the plant and the amount of the damages awarded by the jury are not questioned, but it is contended that appellant is in no respect liable.

Appellant is a corporation chartered under the laws of the State, with power to manufacture and distribute electricity. The plant in question was erected by it under a contract entered into with the city of Springfield for the purpose of lighting the streets, public buildings, etc., and for commercial lighting. In January, 1895, appellant entered into a contract with W. T. McClaskey and Eugene Holcomb, whereby they agreed to operate the plant for a period of five years and furnish all the power needed for certain moneyed considerations therein mentioned. It was during their management of the plant that the injuries to appellant's property occurred. The injuries were not due to any negligent manner of operation on their part, however, but necessarily resulted from the operation of the plant at the place where it was located.

It is insisted that McClaskey and Holcomb, and not appellant, are liable, because they are independent contractors and not the agents of appellant. The entire controversy hinges, therefore, upon the construction to be placed upon their contract with appellant and the mode of performing its terms. The contract provides that for the sum of $18,000 per annum, they shall furnish the labor, material and supplies necessary for 300 arc lights for the city; that for any additional arc light furnished upon the order of appellant

for the use of the city they shall receive $60 per annum; that they shall pay interest charges on the cost of the plant and keep up necessary repairs; that they shall operate the incandescent lights to be furnished the city by the electric company under its contract with the city for actual cost of production; that they shall operate such commercial arc and incandescent lights as can be secured with private parties, the contracts to be taken in the name of appellant and collections for the same to be made by appellant, at a cost of seventy-five per cent of the gross proceeds; that appellant shall furnish a sufficient supply of water in the boiler room for the use of the plant, free of cost; that appellant shall furnish such additional apparatus and material as may be necessary to furnish proper current and power for additional lights that may be secured, and that should the contract between the city and appellant for street lighting terminate, that portion of the agreement covering the operation of the 300 arc lights shall lapse, and McClaskey and Holcomb have the option of terminating that portion of the contract which relates to the operation of the plant for commercial work. From the testimony of E. A. Wilson, the secretary of appellant, it appears that since McClaskey and Holcomb began operating under the contract, appellant has collected each year from the city for street lighting, has collected for all commercial lighting, has supplied all additional apparatus when needed, and has paid McClaskey and Holcomb for running the plant according to the terms of the contract.

We do not regard the agreement in the light of a lease. It is simply an "operating contract" whereby McClaskey and Holcomb undertake to perform the duties and obligations imposed upon appellant by its contract with the city, so far as appertained to the operating of the plant.

Incorporated by authority of the State, occupying the streets with its poles and lines of wire and furnishing public lighting by virtue of its contract with and under an ordinance of the city, and being compelled, as it is, to extend its lines and furnish additional service as the wants of the

public require, appellant is a quasi-public corporation, and can not, by sub-contracting the performance of its obligations to the city and the public, escape liability for injuries necessarily resulting from carrying on the business. The cause of the injury was the erection of the power-house in such close proximity to appellee's dwelling and its operation there. It was erected by appellant and could not be operated without causing the injury. To allow it to escape liability by farming out its operation would be grossly unjust. Where one authorizes a work which is necessarily dangerous, and the natural consequence of which is an injury to the person or property of another, he is justly to be regarded as the author of the resulting injury. 2 Dillon on Corporations, Sec. 1029; City of Joliet v. Harwood, 86 Ill. 110; Village of Jefferson v. Chapman, 127 Ill. 438.

While the contract will not bear the construction of creating principal and agent as between the parties to it, yet as to third parties that relation was constituted. By virtue of it McClaskey and Holcomb exercise a charter power of the electric company, which could not be exercised independent of the franchise granted by the State and the city.

Where the wrongful act is done by contractors under a chartered company, in pursuance of the special powers and privileges conferred on the company by its charter, and but for which they would have no right to prosecute the business, such contractors, as to third parties who may be injured by their acts, will be regarded as the servants of the company, and the company will be held liable for such injuries. West v. St. L. & T. H. R. R. Co., 63 Ill. 545; Balsley v. R. R. Co., 119 Ill. 68; Penn. Co. v. Ellett, 132 Ill. 655. While the principle above stated is announced in railroad cases, we see no valid reason why it is not applicable as against other corporations exercising quasi-public functions.

The court below properly held that McClaskey and Holcomb were the agents of appellant, and being such it was liable for the injuries sustained by appellee, in the operation of the plant by them. Judgment affirmed.