## City of Chicago v. Thomas Murdoch, et al.

### Gen. No. 11,108.

1. INDEPENDENT CONTRACTOR—*exceptions to rule of.* This rule does not apply to a public work performed in a manner inherently dangerous, nor where the individual or corporation has work done pursuant to a special franchise or charter power.

2. JUDICIAL NOTICE—*of what, will be taken.* Judicial notice will be taken of the fact that the use of dynamite in the construction of a tunnel under a populous city is inherently dangerous.

3. DYNAMITE—*when city liable for damages resulting from use of.* Where a tunnel is being constructed for a city within its municipal limits by a contractor, who, pursuant to such contract and with the authority of the proper official of such city, uses dynamite, to the injury of real property of private owners, the city will be held responsible.

4. CONSTITUTIONAL PROVISION—*when proper to put, before jury.* In an action on the case for injury to real property by blasting, conducted by authority of a municipality, it is proper for the court to put before the jury by instruction the constitutional provision that private property shall not be taken or damaged for public use without just compensation.

Action on the case for injuries to real property. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge,

City of Chicago v. Murdoch.

presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 22, 1904.

**Statement by the Court.** This is an appeal from a judgment of $1,400 recovered against appellant by appellees for damage to their building, alleged to have been caused by blasting and the use of explosives in the construction of a water tunnel by appellant. The building was located on Lake street, fronting eighty feet thereon, and known as Nos. 530 to 536 W. Lake street. In September, 1895, appellant entered into a contract with Joseph J. Duffy for the construction of a water tunnel about 100 feet under the surface of the ground in the city of Chicago and extending from a point near the corner of Green street and Grand avenue in a southwesterly direction to the pumping station in the southwestern part of the city, a distance of about four miles. The tunnel was constructed in the vicinity of appellees' building in May and June, 1896. There is evidence tending to show that the line of the tunnel runs through or under the southeast corner of the block where the building is located; that it was jarred and shaken by the explosions of dynamite used in excavating the tunnel; that the walls settled and were cracked, and the building fell into such condition that appellant by its commissioner of buildings notified the agents in charge to place the same in a good and safe condition in five days, otherwise they would be proceeded against according to law.

The contract between appellant and Duffy provides "that the use of explosives will not be allowed except in rock excavation." As to the nature of the soil through which the tunnel passed in the vicinity of the building, appellees' proof was that it consisted partly of earth and partly of rock of a species called "boulder clay" which was in spots "as hard as marble" and required the use of dynamite for its removal. Appellant's testimony tends to show that the soil was mostly "earth," but Edward H. Duffy, a brother of the contractor, testified on cross-examination that the ground was very hard, that it required "shooting," and

that "where we struck the conglomerate and boulders" it was not possible to excavate without the use of dynamite.

The contract entrusts appellant's commissioner of public works with the control of the work. He permitted, if he did not authorize, the use of dynamite in the doing of it and was fully aware of such use.

EDGAR BRONSON TOLMAN, Corporation Counsel, and THOMAS J. SUTHERLAND, for appellant.

WILSON, MOORE & MCILVAINE, for appellees.

MR. JUSTICE STEIN delivered the opinion of the court.

Appellant takes the broad ground, that it is not liable for the injury to appellees' building for the reason that the work on the tunnel was done by an independent contractor such as Duffy is claimed to have been. This is the general rule, subject, however, to some exceptions. The rule does not apply to a public work performed in a manner inherently dangerous, (City of Joliet v. Harwood, 86 Ill. 110; Village of Jefferson v. Chapman, 127 Ill. 438; Electric Co. v. Hauswald, 78 Ill. App. 359; 16 A. & E. Enc., 2nd ed., 201,) nor where an individual or corporation has work done pursuant to a special franchise or charter power. Gas Co. v. Myers, 168 Ill. 139; West v. R. R. Co., 63 Ill. 545; R. R. Co. v. Dudgeon, 184 Ill. 477; R. R. Co. v. Dick, 87 Ill. App. 40; Electric Co. v. Hauswald, *supra*. The case at bar falls within both exceptions. The contract between appellant and Duffy authorized and permitted him to use explosives. He made use of dynamite. Its use in the construction of a tunnel under a populous city is inherently dangerous, and courts will take judicial notice of the fact. Fitzsimmons v. Braun, 199 Ill. 390. Where a city undertakes a public work from which damage may result, it is under a primary liability to protect the public from injury and cannot shift it upon an independent contractor. Springfield v. LeClaire, 49 Ill. 476; Village of Jefferson v. Chapman, *supra*. Under clause 28, section 1, article 5 of the City and Village Act, appellant "may construct and keep in repair

\* \* ₒ \* tunnels." It was in pursuance of this charter power that the tunnel was built, the construction of which caused the injury complained of., In constructing and operating a system of water works, appellant is in the exercise of a special franchise granted by the state. Wagner v. City of Rock Island, 146 Ill. 139.

William D. Kent was appellant's commissioner of public works during the period when appellees' building was injured. Appellees called him as a witness and asked him whether he "made any objection to the use of dynamite in boulder clay" at or near the *locus in quo*. Over objection and exception he answered: "I simply instructed them to keep their charges of dynamite in there as small as possible; not to use any more than was absolutely necessary. That was the only objection I made to it." This it is contended was error because the contract, it is claimed, forbids the use of dynamite in such formation as existed in the vicinity of the building, and because it provides for the payment of the contractor at the rate of $13.55 per lineal foot of earth and $17.75 per lineal foot of rock. Therefore the argument is that the witness had no power to consent to or authorize the doing of that which the agreement prohibited, and that his action was "nugatory and ineffective to change the relations between the city and the contractor or the city's or contractor's relations to third parties." This position is not sound. The witness in permitting explosives to be used in material composed only partly of rock, was not violating the provision prohibiting their use in rock excavation. Another clause reads: "When the tunnel is partly in earth and partly in rock the contractor will be paid an additional price per cubic yard for rock excavation over and above the unit price per lineal foot of tunnel in earth." It was thus in the contemplation of the parties that there would be rock excavation where the soil was partly earth and partly rock. Another clause sustains this view: "Where the tunnel is *wholly* in sound rock, the excavation must be kept so far in advance of the masonry," etc. By their action both parties to the contract

construed it to mean that explosives might be used in exca-
vation which was partly in earth and partly in rock.
Aside from these provisions the language of the contract
and specifications is such as impliedly to invest appellant's
commissioner of public works with power to permit the use
of explosives where the excavation is not wholly in rock.
The specifications contain the following : " The commis-
sioner of public works reserves the right to make any
changes in the foregoing plans and specifications that he
may deem desirable or necessary, or the emergency of the
work may demand. * * * If any change which the
commissioner of public works shall deem necessary in the
foregoing plans and specifications shall lessen the amount
of labor and material required, then the contractor shall
sustain such a reduction in the amount of his contract as
above provided." The contract itself contains the follow-
ing provision : " Should the commissioner of public works,
deem it proper or necessary in the execution of the work
to make any alterations which shall increase or diminish
the expense, such alterations shall not vitiate or annul the
contract or agreement hereby entered into."

In City of Chicago v. McKechney, 91 Ill. App. 442,
where, under a similar provision in a contract relating to
the construction of another section of this same tunnel, a
controversy arose between the city and the contractor as to
compensation to be made for excavation in boulder clay or
conglomerate, the claim being made that the question of
compensation was not covered by the original contract, it
was held that the commissioner of public works had the
right under the provisions above quoted to allow an addi-
tional payment for such excavation under a written agree-
ment entered into after the original one, and providing in
terms that the contractor might use explosives in boulder
clay. In the case at bar the agreement or understanding
to the same effect was informal and oral. But this circum-
stance is immaterial. In our opinion the action of the
commissioner in permitting this use of explosives was au-
thorized by the contract and binding on appellant as a mat-
ter of contract.

City of Chicago v. Murdoch.

Error is assigned in respect of the admission of two maps claimed to show the line of the tunnel. They do not appear in the abstract, and the court is " referred to the record." Rule 18 of this court requires "a party bringing a cause into it to furnish a complete abstract or abridgment of the record." If the maps are material and their admission constitutes error, as counsel argue at considerable length, they should have been inserted into the abstract for the use and convenience of the court and its members. We decline to enter upon a consideration of the alleged error where, as here, a plain rule of court has been knowingly disregarded.

The views already expressed dispose of nearly all the objections urged to the two instructions given for appellees. Under the first exception to the general rule, Duffy was not an independent contractor, but the agent of the city, in so far as he did the excavating with its knowledge and permission in a manner inherently dangerous. Under the second exception, Duffy was appellant's agent in respect of the entire undertaking, inasmuch as he did the work at its instance pursuant to a power conferred upon it by its charter. Nor was it improper for the court to put before the jury the constitutional provision that private property shall not be taken or damaged for public use without just compensation. If, as we hold, Duffy was the agent or servant of the city in the matter of building the tunnel and the injury to the building was due to the blasting, it was a case of private property damaged for public use. Wagner v. City of Rock Island, *supra.* The court did not err in referring in one of the instructions to appellant's commissioner as " having the work of said tunnel in charge." This was stating a fact about which there was no dispute. It was based upon uncontradicted testimony. The city's contract with Duffy provides that " the whole of the work shall be commenced and carried on when and where the commissioner of public works shall direct," and contains many other similar and analogous provisions.

Whether the damage suffered by appellees was due to

the blasting as contended for by them, or to the overloading of the foundations of the building as contended for by appellant, is a question which we regard as settled by the verdict of the jury.

Other points are made in respect of the alleged erroneous admissions of evidence. We have examined and considered them all and are satisfied that either there was no error or if there was it worked no harm to appellant.

The judgment appealed from is affirmed.

*Affirmed.*