## Charles McCracken and Minnie McCracken, Appellees, v. Farmers' Grain Company, Appellant.

1. FIRES, § 9*—*when responsibility for fire is properly submitted to jury.* In an action against a grain elevator company for damage to plaintiffs' personal property by fire which spread from that started by defendant's servants for the purpose of burning corncobs, *held* that defendant's responsibility for the fire and the loss was a question that was properly submitted to the jury and that their verdict, based as it was on conflicting testimony, would be sustained unless it was manifestly contrary to the weight of the evidence.

2. FIRES, § 6*—*when verdict for plaintiffs in action for damage to property by fire is not contrary to weight of evidence.* Verdict for plaintiffs in an action against a grain elevator company for damage to plaintiff's personal property by fire which spread from that started by defendant's servants for the purpose of burning corncobs, *held* not contrary to the weight of the evidence.

3. FIRES, § 6*—*what testimony is competent in action for damage to property by fire.* In an action against a grain elevator company for damage to plaintiffs' personal property by fire which spread from that started by defendant's servants for the purpose of burning corncobs, testimony of a witness for the plaintiffs that a long time before the fire causing plaintiffs' damage he had told the manager of the defendant company that several property owners had complained to the village board that their property was being endangered by the burning of cobs by defendant and that he should be more careful; that the substance of the statement was repeated to the manager by the witness more than once, and that the manager said to the witness that he did not think there was any danger, which testimony was offered solely for the purpose of showing actual knowledge on the part of the manager of the custom of defendant's employees of burning the cobs there and the danger arising therefrom as bearing on the question whether defendant was negligent in permitting the same to be so burned, *held* competent.

4. FIRES, § 6*—*what testimony is competent in action for damage to property by fire.* In an action against a grain elevator company for damage to plaintiffs' personal property by fire which spread from that started by defendant's servants for the purpose of burning corncobs, *held* that testimony that at another time the elevator which burned down at the time plaintiffs' property was burned had caught fire from the burning of cobs under circumstances and con-

[a] See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ditions substantially the same as those existing at the time plaintiffs' property was destroyed would have been competent as evidence of notice of the danger of burning cobs near the elevator.

5. EVIDENCE, § 52*—*when attempt to prove competent fact is not error.* The attempt to prove a competent fact in a competent way is not error.

6. FIRES, § 11*—*what is measure of damages for destruction of goods by fire.* In an action against a grain elevator company for the destruction of plaintiffs' household effects and provisions by fire which spread from that started by defendant's servants for the purpose of burning corncobs, *held* that the measure of damages was the fair cash market value of the goods, what they would have brought on the market, not at wholesale or for resale, or at forced sale, but on the market where such goods are bought and sold.

7. EVIDENCE, § 372*—*what testimony is competent on question of value of goods destroyed by fire.* In an action against a grain elevator company for the destruction of plaintiffs' household effects and provisions by fire which spread from that started by defendant's servants for the purpose of burning corncobs, *held* that the testimony of a witness, who had purchased some secondhand goods and knew in a general way the value of household goods and provisions such as those destroyed and who gave her opinion as to the fair cash market value of such goods, was competent and that it was for the jury to determine what weight should be given to it.

Appeal from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919. Rehearing denied December 29, 1919.

WHITNEY & FITZGERALD and JOHN A. WALGREN, for appellant.

J. L. MCLAUGHLIN and HOMER W. WRIGHT, for appellees; ELLIOTT BILLMAN, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from a judgment in favor of appellees of $700 against appellant, a corporation organized for the purpose of buying, handling, shipping and selling grain, for loss by fire of household effects

and provisions, which fire it is charged was begun by the servants of appellant either pursuant to an express order or an established custom, to burn the cobs left after shelling corn. It is not denied that the fire was communicated to and caused the destruction of appellee's goods but it is denied that appellant is responsible for the loss. The jury found that it was responsible for the fire and the loss. It was a question that was properly submitted to the jury and their verdict, based as it was on conflicting testimony, must stand unless it is manifestly contrary to the weight of the evidence. We have read the evidence and the arguments of counsel pro and con on the question and are not willing to hold that the verdict is contrary to the weight of the evidence.

One W. F. Cook was called as a witness by appellees and testified that a long time before the fire that destroyed appellees' property he told a Mr. Moody who was then the manager of appellant that several property owners had complained to the village board that their property was being endangered by the burning of cobs by appellant and that he should be more careful; that the substance of the statement was repeated to Mr. Moody by the witness more than once. He also testified that Moody said to him that he did not think there was any danger about it. It developed on the examination that this witness was the mayor of the city at the time he talked to Moody about burning the cobs, but that fact has no significance on the questions here involved because his evidence was offered solely for the purpose of showing actual knowledge by Moody, the manager of appellant, of the custom of the employees of burning the cobs there and the danger arising therefrom as bearing on the question whether appellant was negligent in permitting the same to be so burned. The evidence was competent under the authority of *City of Chicago v. Jarvis*, 226 Ill. 614.

Appellees called one Davis as a witness and attempt-

ed to prove by him that at another time the elevator that burned down at the time appellees' property was burned had caught on fire from the burning of cobs under circumstances and conditions substantially the same as those existing at the time appellees' goods were destroyed, but the witness did not so testify. Appellant insists that reversible error was committed by the attempt of appellees to make the proof. The proof sought for, if it had been obtained, would have been competent for the same reasons as the testimony of the witness Good, i. e., as notice of the danger of burning cobs near the elevator. The attempt to prove a competent fact in a competent way is not error.

Appellant insists that the basis of estimating the damages sustained by appellees was wrong because the witness gave her estimate on what it would have cost her to buy such goods; and that the real measure of damages was to be determined from what a dealer in secondhand goods would have paid for the goods destroyed. The measure of damages was the fair cash market value of the goods, what they would have brought on the market, not at wholesale or for resale, or at forced sale, but on the market where such goods are bought and sold.

The proof of the value of the property destroyed was made by Mrs. Minnie McCracken. She had purchased some secondhand goods and knew in a general way the values of household goods and provisions such as those destroyed. She gave her opinion as to the fair cash market value of such goods. Her evidence was competent and it was for the jury to determine what weight should be given to it. The total of her estimates of values was about $1,100 or $1,200. The jury fixed the damages at $700 and there is no complaint that the amount is too large.

Some objections have been argued to the action of the court in giving and modifying and refusing in-

structions, but such objections are hypercritical and without force.

Finding no reversible error in the record the judgment is affirmed.

*Judgment affirmed.*