John Gerrard, Appellee, v. Joseph P. Porcheddu and Paul Porcheddu, partners, trading as The Illinois Fireworks Display Company, Appellants.

Gen. No. 8,020.

1. EXPLOSIVES—*liability independently of negligence.* In an action for damages for setting fire to plaintiff's house by shooting a bomb upon the roof, defendant cannot excuse such unlawful trespass by claiming he was not carelessly or unlawfully firing explosives.

2. EVIDENCE—*judicial notice.* Courts will take judicial notice that the handling or exploding of dynamite or gunpowder is dangerous.

3. EVIDENCE—*right to show prior injury to another from same cause.* In an action for damages for setting fire to plaintiff's house, he may show prior injury to another from the same cause and notice thereof to the defendant.

4. EVIDENCE—*use of models.* In an action for damages for setting fire to plaintiff's house, he may illustrate the alleged instrumentality of the fire by models.

5. EVIDENCE—*prior injury to party from same cause.* In plaintiff's action for damages from setting fire to his house he may show that prior to that damage his house had caught fire under the same conditions.

6. EXAMINATION OF WITNESSES—*cross-examination as to contents of writing.* The court may properly refuse to allow a party to cross-examine his own witness as to the contents of a writing the signature to which the witness had admitted on cross-examination by the adverse party, but which the latter did not then introduce in evidence.

7. EXAMINATION OF WITNESSES—*examination as to contents of writing.* Upon a witness admitting his signature to a written statement, it is improper to inquire of him if it contains certain matter, since the paper must speak for itself.

8. WITNESSES—*impeachment by contradictory statement.* A written statement which the witness has identified on cross-examination, and which is inconsistent with his testimony, is admissible to impeach him.

9. SAVING QUESTIONS FOR REVIEW—*when objection insufficient.* In an action for damages from setting fire to plaintiff's house, the defendant's objections to evidence tending to show the cost of repairing the house that the witness was not qualified, will not support an assignment of error on the ground that the evidence did not show a proper measure of damages.

10. DAMAGES—*measure of, for damage to house by fire.* In an action for damages for setting fire to a house, the measure thereof should be the cost of restoring the house to its previous and proper condition.

11. EVIDENCE—*right to inquire as to insurance carried.* In plaintiff's action for damages for setting fire to his house, defendant will not be allowed to inquire the amount of insurance obtained by plaintiff on account of the fire.

12. NEW TRIAL—*when newly-discovered evidence not ground for.* Testimony which is merely cumulative, hearsay, or which could have been produced on the trial, will not justify a new trial.

Appeal by defendant from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 28, 1927.

CRAYTON & TWOMEY and GRAHAM & DYSERT, for appellants.

H. M. STEELY and H. M. STEELY, JR., for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an action on the case of John Gerrard against Joseph P. Porcheddu and Paul Porcheddu, partners, doing business as The Illinois Fireworks Display Company, for the recovery of damages for the loss of his dwelling house by fire on or about July 28, 1925, about 5 o'clock in the afternoon. On a trial

before a jury a verdict and judgment in favor of the plaintiff was rendered for $4,000, which it is sought to reverse on this appeal.

The declaration consisted of one count and the general issue was pleaded, and at the close of the plaintiff's testimony, and again at the close of all the evidence in the case, the court overruled defendants' motion for a directed verdict and refused the peremptory instruction tendered therewith.

The appellants own about five acres of land lying on the west side of King Street, between King Street and Meitzler Street, and adjoining the Wherry property on the west, the southeast corner of appellants' property cornering with the northwest corner of the appellee's property. South of this tract owned by them and on which their fireworks buildings are located at intervals of 50 or 60 feet, they rent a small tract adjoining, lying on the west side of King Street and west of appellee's property.

Appellants manufactured fireworks upon their premises and the evidence shows that they would test these fireworks, or exhibit the different kinds to purchasers, by shooting or firing them. To do this they would cross King Street from the southeast corner of their property to the northwest corner of the Gerrard property and fire the same (either by attaching them to Gerrard's west fence or to his north fence), by frequently setting pieces on the tops of posts or attaching the pieces to them, and in this way they had frequently split and slivered posts in his fence. Most of the time they would go east along the fence on Gerrard's north line down to the southeast corner of the cornfield on the Wherry property, and just west of Wherry's pasture and fire them from that place, and when firing aerial bombs they would set what they call mortars of steel, with a bottom in them four inches or a little more in inside diameter, on end, and the

lower end five or six inches in the ground and then put the bombs in these mortars and fire them into the air. The mortars might set on an incline as they are not tested, and the paper may be ignited and set fire. The bombs were constructed with a powder charge in the bottom to which a fuse was attached, and this was exploded for the purpose of elevating the bombs into the air, and how high they would go depended upon the amount of powder they had put in this bottom charge.

The evidence shows that previous to this fire parts of these bombs, or remnants of the casing used in covering the fireworks, had exploded, had been thrown or carried over on to appellee's property and had set fires. Pieces of exploded fireworks had alighted upon the barn back of appellee's house and had alighted on the premises south of appellee's and had set fires, and the fence had been damaged and destroyed by the explosion of fireworks and he had been compelled to rebuild the same. Appellee had made complaints to each of the appellants and had warned them to stop firing on or upon his fence, and not to fire anything that would fall upon his premises or endanger the same, and one of the appellants had gone over on the premises and looked at a place where fire had been communicated and offered to pay the damage.

On the day of the fire, the evidence shows Antonio Gerino had come down from Chicago to buy some fireworks and wanted an exhibition of some of the ones that he proposed to purchase. After 5 o'clock, which was quitting time in the fireworks plant, Wilson Halls, Paul Porcheddu and Tony Gerino went down to the southeast corner of the plant, crossed over to the east side of King Street upon the Wherry premises along appellee's north line for the purpose of showing Mr. Gerino what the fireworks were like and what kind of an exhibition they made when exploded. The

evidence on behalf of appellee is that several shots were fired down near the southeast corner of the little cornfield on the Wherry land; and that after the last explosion, which was a very loud one, the steel cap fell upon the roof of appellee's house and rolled off on to the ground with some pieces of shingles which it had split off or knocked off in falling; that the distance from where the shot was fired to appellee's house was about 300 feet, and in a very short time after the bomb cap struck the roof of the house and rolled off, fire was discovered on the roof and there was no one else who fired any fireworks in that vicinity and no firing of any blast of any other kind within a mile or more of the premises.

Appellee states that previous to firing his house they had set two fires in his orchard, and that he went over and got Joe Porcheddu and took him over and showed him where it had burned and where the remains of a skyrocket or some other fireworks piece had alighted in the grass in the orchard. The house burned to the ground and was a total loss.

It is contended by appellants that the proofs show no negligence on the part of appellants and that appellants were not engaged in the doing of an unlawful act.

The throwing of something over on to the land of another, which sets a fire or causes damage, is a trespass, and is unlawful, and the question of care, or want of care in setting out the fire, or firing the explosive, does not enter into the question. *Fitz Simons & Connell Co. v. Braun & Fitts,* 199 Ill. 390; *Fitz Simons & Connell Co. v. Braun & Fitts,* 94 Ill. App. 533; *Joliet v. Harwood,* 86 Ill. 110. The courts will take judicial notice of the fact that the handling or exploding of powder or dynamite is dangerous, as held in *Fitz Simons & Connell Co. v. Braun & Fitts, supra,* and also in the following cases: *Fitz Simons & Connell Co. v. Braun & Fitts,* 199

Ill. 390, 65 N. E. 249, 59 L. R. A. 421; *Gossett v. Southern Ry. Co.,* 115 Tenn. 376, 89 S. W. 737, 112 Am. St. Rep. 846, 851; *Weitzmann v. A. L. Barber Asphalt Co.,* 190 N. Y. 452, 83 N. E. 477, 123 Am. St. Rep. 560, 579; *City of Chicago v. Murdock,* 212 Ill. 9; *City of Chicago v. Murdoch,* 113 Ill. App. 656.

Appellants contend that it was reversible error to permit evidence of other fires at other places in the community to be introduced. Evidence of prior injury, or accidents, to another, from the same cause or appliances, and notice thereof to the party charged, is admissible. *Franke v. Hanly,* 215 Ill. 216. Models illustrating the use of the instrumentality which is claimed to have caused the injury are properly admitted in evidence. *Pennsylvania Coal Co. v. Kelly,* 156 Ill. 9. In action for damages to plaintiff's personal property by fire which spread from that started by defendants' servants, evidence that at another time plaintiff's property had caught fire under the same conditions is competent as evidence of notice of the danger. *McCracken v. Farmers' Grain Co.,* 215 Ill. App. 551. We cannot agree with appellants' contention.

Error is assigned upon the court's refusal to permit appellants to cross-examine one of their witnesses as to the contents of a statement in writing, the signature to which the witness had admitted on cross-examination by appellee's counsel and which appellee later offered in rebuttal by way of impeachment. The statement had not been offered in evidence by appellee. There was no error in this ruling.

Where a witness on cross-examination is shown a written statement signed by him and admits his signature thereto, it is proper for the court to refuse to allow the defendants to inquire of him as to the contents of the statement. Such inquiry, if proper, should have been asked of the witness in rebuttal,

and be recalled for that purpose. *Momence Stone Co. v. Groves,* 197 Ill. 88, 92.

Where a witness admits his signature to a signed statement, it is improper to ask him if the paper contained certain language, as the language in the paper must speak for itself, and further proof thereof is unnecessary and improper. *Momence Stone Co. v. Groves, supra; Atchison, T. & S. F. R. Co. v. Feehan,* 149 Ill. 202. A written statement made by a witness inconsistent with his testimony on the stand, when identified by him on cross-examination, is admissible to impeach him. *Chicago City Ry. Co. v. Mauger,* 128 Ill. App. 512; *Edmunds Mfg. Co. v. McFarland,* 118 Ill. App. 256; *Dick v. Marble,* 155 Ill. 137.

Appellants assign error upon the proofs offered and admitted in evidence, showing or tending to show the cost of repairing or rebuilding the house, and contend that it is not the proper measure of damages in this case. No such objection was made when the proofs were offered. Appellee while on the witness stand testified that he had built several houses but none since the fire; that he was familiar with the cost of building and material at the time the fire took place, and the question was asked (we quote from the record): "Q. Now, then, you may state what, in your judgment, it would cost to repair or rebuild this house and put it in the condition it was at the time this fire took place. Objection, no qualification, no experience. Overruled. Exception." Similar questions were later put to other witnesses, to which appellants made merely the general "objections," which were overruled, and neither party offered, nor was there given by the court, any instruction as to the measure of damages. On this state of the record, it is plain that the assignment of error was not raised in the court below and therefore cannot be raised in this court. However, appellants

were in no manner prejudiced by the testimony or the measure of damages used.

The Supreme Court say in adopting the language of Sutherland on Damages, in reference to the injury or destruction of a building: "and that valuation should be adopted which will be most beneficial to the injured party, for he is entitled to the benefit of the premises intact and to the value of any part separated. The damages for injury done to a house are measured by the cost of restoring it to its previous condition." *Fitz Simons & Connell Co. v. Braun & Fitts,* 199 Ill. 390, 398; 3 Sutherland on Damages, sec. 1018.

In an action for damages for injury to plaintiff's building caused by the defendants' use of explosives in excavating a tunnel, the true measure of damages is the cost of repairing the building and restoring it to its proper condition. *Fitz Simons & Connell Co. v. Braun & Fitts, supra.*

There was no error in refusing to permit appellants to show the amount of insurance recovered by appellee. In *Dunleavy v. Stockwell,* 45 Ill. App. 230, the court say on page 232: "If appellant was guilty of setting the fire that destroyed the property, as charged in the declaration, he was primarily liable to appellee no matter how much insurance he had on the property, and if the insurance had been paid, the insurance company could maintain suit in appellee's name to recover over for the insurance so paid."

Assignments of error are made by appellants as to statements made by counsel for appellee to the jury, none of which we deem of such importance as to reverse this judgment, and upon the court's refusal to give certain instructions to the jury. We have examined all of the refused instructions and they are either subject to the criticism of being argumentative or are covered by other instructions given, neither are we able to sustain the assignment that the

judgment and verdict are manifestly against the weight of the evidence. The testimony was conflicting, but the jury saw and heard the witnesses testify and were better qualified to pass upon the question of the preponderance of the evidence than this court from reading the proofs in the record.

In the motion for new trial presented by appellants, certain affidavits are incorporated, purporting to present newly-discovered evidence, upon which the motion for new trial is in part predicated. We have examined the affidavits. To quite an extent the testimony is cumulative, a portion of it is based upon hearsay and no sufficient reason is given why the other parts of it could not have been produced upon the trial. We find no reversible error in the record. The judgment, therefore, of the circuit court of Vermilion county is affirmed.

*Affirmed.*