Eugene Hapke, Plaintiff-Appellee, v. Allan Brandon, Defendant-Appellant, and George Neeley, Defendant.

Term No. 51F2.

Opinion filed
May 10, 1951. Rehearing denied July 9, 1951. Released for publication
July 13, 1951.

JOHNSON & JOHNSON, of Belleville, for appellant.

JOHN R. SPRAGUE, of Belleville, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county, in the sum of $20,000, entered upon the verdict of a jury in favor of appellee, Eugene Hapke (hereinafter called plaintiff), and against appellant, Allan Brandon (hereinafter called defendant Brandon) and another defendant (George Neeley). Motions for judgment notwithstanding the verdict and for a new trial were made by defendants and denied in the court below.

The action was based upon personal injuries received by the plaintiff while he was riding in an automobile on a state highway near Belleville, Illinois. The complaint, after alleging that plaintiff was in the exercise of due care for his own safety, alleged that defendants Brandon and Neeley were partners in a taxicab business and that the plaintiff was a passenger for hire therein. The allegations of negligence charged speed, driving under the influence of intoxicating liquors, failure to keep a proper lookout, and driving on the wrong side of the highway.

525

The evidence as presented on the trial of the cause indicated that while the title to the automobile which was being driven was in defendant Brandon's name, it belonged to George Neeley, and was occasionally used as a taxicab in the business of the defendants Neeley and Brandon. Defendant Brandon also operated a restaurant and a tavern in Chester, Illinois. The plaintiff Hapke and the defendant Brandon, as well as a certain witness in the case, were friends. The plaintiff and a companion had been drinking in Brandon's tavern on a Sunday night in March, in 1949. They then went to other taverns where the parties did some more drinking. The evidence indicated that the plaintiff had a large number of drinks of intoxicating liquor, and there was some evidence that when the plaintiff left a certain tavern at about 4:00 o'clock on Monday morning he gave his companion Parker, who was a witness, $10, after he and Parker had asked Brandon to take them somewhere and Brandon had said he would charge them $20 for the taxicab. Defendant Brandon stated that no money was ever mentioned for the use of the car and that each of the individuals had taken turns buying drinks, and that apparently all three were on a drinking party. Plaintiff Hapke did not see whether the witness Parker ever gave the defendant Brandon the $20, or not. Witness Parker testified he gave Brandon the $20. A signed statement of the said witness Parker was contradictory on this point. Witness Parker testified at the trial that defendant Brandon told a man in the hospital the day after the accident that witness Parker and plaintiff Hapke had paid the defendant Brandon $20, and that defendant Brandon pulled the $20 out of his pocket and showed it to him. The father of plaintiff Hapke testified in corroboration of this testimony. At the time of the trial defendant sought to introduce as an exhibit a statement signed by the witness Parker, in which

526

Parker stated he gave defendant Brandon $20 for cab fare, but stated that plaintiff Hapke did not give him any part of it. The witness Parker admitted that the statement bore his signature and some of his handwriting. Another statement of the witness Parker was also identified by the witness, who stated that he had signed it and remembered seeing it, but this exhibit together with the other statement of Parker were denied admission into evidence when tendered by defendant.

One of the statements tended to show that Hapke was drunk all morning and was sleeping, and that when the defendant Brandon drove out on to the road Hapke tried to grab the wheel when the car got off on the shoulder to avoid a head-on collision with another car, and that the Brandon car in which the parties were riding turned over. The car which was being driven by Brandon was apparently moving along at a high rate of speed, and apparently zig-zagged across the road and collided with another automobile before it went down the road and turned over. The injuries which were sustained by the plaintiff Hapke were substantial.

On appeal in this court the defendant Brandon seeks reversal on the grounds that the written statements made by a witness, inconsistent with his testimony on the stand, when identified by him on cross-examination is admissible to impeach him; on the ground that the plaintiff failed to show due care; that the damages were so excessive as to show sympathy or prejudice; and that there were certain errors in instructions; and that the verdict is contrary to the manifest weight of the evidence.

■ As indicated in the statement of facts the witness Parker, who was the chief witness for plaintiff Hapke, testified at variance with his written and signed statements which were offered as Defendant's exhibits

1 and 2. The witness admitted that he signed the statements, that he remembered seeing them, but did not remember various parts of the statements. Plaintiff Hapke upon appeal in this court contends that since the witness was asked whether he made the statements and did not deny making such earlier statements, that therefore the court was justified in refusing to admit the statements in evidence. The witness Parker did not deny making the statements and stated he didn't remember saying things which were set forth in the statements. We do not see how the exclusion of these exhibits from the jury could be justified. The testimony of witness Parker as to how the collision occurred on the trial of the case and in the previously written statements which were sought to be introduced into evidence were inconsistent. The inconsistent portions of the statements should obviously have been admitted into evidence. The statements of a witness made out of court, whether orally or in writing, if contradictory on a material point to his sworn statements as a witness, may be introduced into evidence, not as substantive proof of the truth of such statements, but as tending to discredit the witness (*Illinois Cent. R. Co. v. Wade*, 206 Ill. 523, 529; *Momence Stone Co. v. Groves*, 197 Ill. 88, 92; *Atchison, T. & S. F. R. Co. v. Feehan*, 149 Ill. 202; *Dick v. Marble*, 155 Ill. 137).

■ Since the defendant laid the foundation for the introduction of the writing as impeaching testimony by asking the witness about his signature to the statements, it was then proper to offer the inconsistent portions of the statements in evidence with other testimony on behalf of the defendant (*Illinois Cent. R. Co. v. Wade, supra,* at page 530).

■ Under the facts and circumstances in the instant case where the testimony of the witness Parker was apparently the key testimony in establishing liability insofar as the defendant Brandon was concerned,

it was vital that the evidence in the form of written statements signed by the witness Parker, to the extent they were contradictory to his testimony at the trial, be admitted in evidence and the exclusion of such evidence was obviously highly prejudicial to the defendant.

We do not believe that the evidence as presented in the record, including the evidence on the question of due care of plaintiff, was of such character as to justify a directed verdict on behalf of defendant, and therefore conclude that this cause should be reversed for new trial. We believe, however, that we should observe for guidance of the parties on retrial that instructions which contain an implicit assumption that defendant was operating a taxicab business are improper since the issue of whether or not the automobile was being operated as a taxi is in reality a question of fact for the jury and one which should not be withdrawn from their consideration.

This cause will, therefore, be reversed and remanded to the circuit court of St. Clair county.

*Reversed and remanded.*

SCHEINEMAN, P. J. and BARDENS, J., concur.