Charles R. Dorf, Plaintiff-Appellant, v. Egyptian Freightways, Inc., and John William Benshoff, Defendants-Appellees.

Gen. No. 62–O–18.

Fourth District.

December 20, 1962.

Rehearing denied February 26, 1963.

3

John J. Relles, of Clayton, Missouri, Alan J. Dixon, of Belleville, Illinois, and William L. Mason, Jr., of St. Louis, Missouri, for appellant.

Costello, Wiechert, Roberts & Gundlach, of East St. Louis (Carl W. Lee, of counsel), for appellees.

SCHEINEMAN, P. J.

This suit grows out of a collision which occurred at the junction of Rts. 13 and 43, about two miles east of Marissa. Defendants' truck was traveling eastward from St. Louis to Herrin, on Rt. 13. At the junction there is a road leading straight ahead as a spur of Rt. 43, while Rt. 13 turns off to the right in a wide sweeping curve, somewhat obscured by shrubbery.

The evidence is highly conflicting, and presented questions of fact for the jury which found for the defense. Plaintiff's post trial motion was denied and judgment was entered on the verdict. On this appeal, the principal assignments of error refer to rulings on instructions.

■ ■ Plaintiff's instruction No. 1 was IPI 2.06 referring to the right of an attorney to interview a witness. It is an attempt to offset the ancient trick in which an attorney questions a witness as to his interview with opposing counsel, often stated in a way to imply to the witness and jurors that this is an impropriety. In this case the testimony was that plaintiff's attorney had taken a statement from the opposite party and had represented that he was an attorney for

4

the defendant's employer. The instruction was refused. We believe the refusal of this cautionary instruction was within the usual discretion of the trial judge in such matters. Bennett v. McAllister Co., 241 Ill App 502, 514.

■ Plaintiff's No. 2 was given as modified, but plaintiff objects that it should not have been modified. The instruction as tendered was based on IPI 20.01 as follows:

> "The plaintiff, Charles Dorf, claims that he was injured and sustained damage while exercising ordinary care, and that the defendants, John William Benshoff and Egyptian Freights, Inc., through John William Benshoff, its agent, were negligent in one or more of the following respects:
>
> (a) Drove the tractor trailer at a rate of speed that was not reasonably safe under the circumstances.
>
> (b) Failed to sound or give any signal or warning by hand or mechanical device of the turn of the tractor trailer.
>
> (c) Failed to keep a lookout ahead and laterally to discover plaintiff's automobile.
>
> (d) Failed to have the tractor trailer under control so that it could be readily stopped upon the appearance of danger.
>
> (e) Turned and swerved the tractor trailer from a direct course on the highway when such movement could not be made with reasonable safety.
>
> (f) Failed to drive to the right side of the roadway and operated the tractor trailer to the left of the center line of the roadway.
>
> (g) Operated the tractor trailer so that there was less than one-half (½) of the roadway available for the use of plaintiff's automobile.

5

The plaintiff further claims that one or more of the foregoing was the proximate cause of his injuries.

The defendants deny that they were guilty of negligence IN DOING ANY OF THE THINGS CLAIMED by plaintiff, and deny that the plaintiff was in the exercise of ordinary care.

The defendants further deny that plaintiff was injured or sustained damages to the extent claimed."

The charges of negligence, injuries and damages, in the complaint require 5 printed pages in the abstract, about 1300–1400 words. Plaintiff's counsel deserve a compliment for successfully condensing this into approximately 180 words, a feat which many plaintiff's lawyers seem to find difficult or impossible. The practice of quoting the complaint verbatim in an issue instruction seems to have been eliminated, but there remains some reluctance to delete the plaintiff's favorite adverbs "carelessly and negligently" and other coloring material.

The defense objected only to that portion of the instruction which is set forth in heavier type. That paragraph is designed for the case in which the defendant admits doing certain things as charged, but under the circumstances denies his acts were negligence. This was not the situation in this case, so the objection was that this was not a true statement of the issue. All charges were denied.

The objection appears to have been well taken. The trial judge required the words we have stressed to be deleted, and the words "as claimed" to be inserted, so that the issue was stated to be that defendants denied they were guilty of negligence as claimed. Plaintiff's argument seems to imply there can be no modification of an instruction in the book.

This inference is refuted in the book itself, and particularly as to this issue instruction, IPI 20.01. It

6

should be noted that the paragraph in question is set forth in brackets, which is an indication it is merely a suggested form, if applicable. In addition, the notes on use contain this caveat: "This instruction, if tendered, must be modified to fit the allegations of the complaint and answer." It is apparent the trial judge did what he was expected to do.

■ Plaintiff's Nos. 8 and 9 both stated the law of the road as to driving on the right, and 8 also contained other statutory provisions which were not involved. The defense objected to giving two instructions on the same rule, also to the matter in 8 which was not applicable. Plaintiff stated he would delete this portion. The court ruled it would give the instruction as modified, and refused 9 which was on the same subject. The rulings were correct.

■ Plaintiff's 10 recited the statute on turning from a direct course, giving a signal, and showing intent to turn for 100 feet. It was refused as not applicable. There was testimony that a culvert on the right prevented a turn in that direction, and defendant, if he did try to turn left, did so at the moment of collision. There was other evidence that the impact drove the truck's left front wheel backward, and twisted it out of alignment with the other wheel. A mark on the pavement at this point indicated a sharp turn to the left. This mark was to the right side of the center line.

The statute applies to intended turns. It would be absurd to say that a person making a sudden turn in an effort to avoid a collision must signal his intent for 100 feet or any other way. And if, as appears likely, the turn was partly or wholly caused by damage to the steering mechanism, no signal was possible. The statute was not applicable and the instruction was properly refused.

■ Ten instructions requested by plaintiff were given, and an examination thereof discloses that plain-

7

tiff's case was adequately presented to the jury. Six were given for defendant, of which, plaintiff contends two were erroneous. No. 5 was the standard definition of contributory negligence IPI 11.01. No. 7 was the rule requiring plaintiff to use ordinary care for his own safety, IPI 10.03. Plaintiff objected that the two were on the same subject, also that the definition was improper because the term was not used in any other instruction.

The claim of duplication is without merit. For plaintiff, there was given the instruction on defendants' duty to use ordinary care, IPI 10.04, also a definition of ordinary care. Defendants' 7 was the corollary applying the same duty to the plaintiff; when the instruction is given as to one party, the other may be allowed the corollary. No. 5 was not a rule of law but a definition of a legal term, "contributory negligence."

■■ The other objection, which counsel informed the court he was stressing as the most obvious, has some merit. The instruction begins, "When I use the words 'contributory negligence,' etc." In our opinion a definition of the judge's terminology should not be given when the judge has not used the term. It does not follow of necessity that the giving of it is reversible error. We cannot accept plaintiff's contention that the definition injected such an element of mystery and confusion into the case that the jury would be thrown into a state of bewildered wonderment, nor the gratuitous assumption that the jurors had never heard of these words and would have no idea what they implied.

We are of the opinion that the concept is so common that the average juror would comprehend the idea. In addition, it is incredible that the trial was completed without defense counsel ever mentioning contributory negligence, or asserting that it would bar plaintiff's claim, even if the defendant had been neg-

ligent. We hold that giving the instruction was not reversible error.

Finally, it is contended there was error in excluding from evidence a certain document signed by defendant driver, and supposed to contain his statement to plaintiff's attorney. It is not abstracted, and the courts of review do not search the record to reverse. Village of Crotty v. Domm, 338 Ill 228, 170 NE 308; St. Louis Union Trust Co. v. Wabash C. & W. R. Co., 244 Ill App 466. The abstract of the trial proceedings also fails to indicate any attempt to show the presiding judge that the writing contained substantially impeaching statements. It is the inconsistent portions of the statements which are admissible. Hapke v. Brandon, 343 Ill App 524, 99 NE2d 636; Illinois Cent. R. Co. v. Wade, 206 Ill 523, 529, 69 NE 565.

We find no reversible error, accordingly the judgment is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ., concur.