Cicely D. Hubele and Walter Hines, Appellees, v. Charles Baldwin et al., Trading as Baldwin, Barrett and Misener Drilling Company, Appellants.

**Term No. 47M9.**

Opinion filed September 29, 1947.   Released for publication October 30, 1947.

KERN & PEARCE, of Carmi, for appellants.

CONGER & ELLIOTT, of Carmi, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of White county, in favor of appellees, Cicely D. Hubele and Walter Hines (hereinafter called plaintiffs), and as against appellants, Charles Baldwin, Isaac B. Barrett and Wayne Misener (hereinafter called defendants).

The trial was had before the court without a jury and judgment was entered for $1,300. The defendants are three individuals operating as a partnership in the business of producing oil and gas. Plaintiffs are respectively the owner and the tenant of eighty acres of farm land involved in the proceeding. A portion of the farm land was leased for oil and gas purposes to defendants, and a portion of the adjoining tract was likewise leased to the defendants. There was one producing well on the adjoining tract.

The action was brought to recover damages which resulted from the burning of a lespedeza crop growing on the plaintiff's eighty acres. Under the tenancy arrangement between plaintiffs, the owner was to furnish the lespedeza seed and the tenant was to sow and harvest it, and the harvest was to be divided, one-third to Cicely D. Hubele and two-thirds to Walter Hines, the tenant. The evidence disclosed that the seed was purchased for $160 in 1945, but the lespe-

deza crop was not harvested that year and was plowed under. On March 29, 1946, the second year lespedeza crop on the eighty acres was showing through the ground about two inches as the result of having been reseeded from the 1945 crop allowed to stand over.

A fire broke out near the oil well of the defendants on the adjoining tract and burned off a portion of the adjoining tract and a portion of the tract of the plaintiffs. There was some evidence that no attempt was made by certain employees of the plaintiffs to put out the fire and that, likewise, no attempt was made by certain employees of the defendants to extinguish the fire until it was finally put out by the superintendent of the defendants.

Suit was filed in this cause for damages in the sum of $1,800. During the trial of the case there were many objections made by defendants to testimony offered by plaintiffs with respect to damage. The court permitted the witnesses to testify subject to objection. The appeal in this cause is limited to the amount of damages awarded and there is no attempt to attack the finding of the court as to the time and place the fire started. The defendants do, however, contend that plaintiffs stood by and did nothing to put out the fire, but the finding of the trial court on this issue was to the effect that the fire was caused by the fault of defendants and that the resulting damage was not contributed to by plaintiffs. These findings appear to be well-supported by the record and are not grounds for reversal.

The substantial point on appeal before this court, which is raised by defendants, revolves about the consideration of the testimony as to the measure of damages. It is contended by defendants that the measure of damages to growing crops where such crops are up but not so far matured that the product can be fairly determined is: the rental value of the land, the

cost of the seed, the expense of preparing the ground, cost of planting the crop, and the cost of any labor bestowed after the planting (*Baltimore, O. & S. W. R. Co. v. Stewart,* 128 Ill. App. 270; *Lindstrum v. Illinois Northern Utilities Co.,* 214 Ill. App. 560). It is pointed out that in such cases it was determined that it is only where the crop is fully matured and ready for harvesting that damages can be determined by the market value of the crop, less the cost of harvesting and marketing. It is also pointed out that the measure of damages to real property is the difference between the true value of the land before it is injured and the value after the injury (*Wanless v. Peabody Coal Co.,* 294 Ill. App. 401; *Clark v. Public Service Co. of Northern Illinois,* 278 Ill. App. 426, 447).

In connection with the contention of defendants they point out in this cause that the plaintiffs made no contention in the complaint for damage to land and sought to establish the damages through loss of the lespedeza crop, by the testimony of witnesses who testified as to the cost of the seed and the difference in the value of the land immediately prior to and subsequent to the fire. It is contended that since none of the witnesses gave specific testimony on the rental value of the land or the cost of preparing the ground or the cost of sowing the crop, or the value of the labor bestowed upon the ground after planting, that there was a total failure on the part of the plaintiffs to establish the fact that there was damage and that the subsequent judgment was improperly entered.

It is also contended, in extension of this argument, that the court considered improper and inadmissible evidence in reaching the judgment entered and failed to rule on the objections of the defendants.

■ The evidence disclosed that the lespedeza crop is what is known as a perennial crop and that the basic value was to the particular land upon which it was

growing, and for hay and seed that it would produce had it been allowed to mature. It is what is known as a "soil builder." The testimony of the witnesses for plaintiffs was to the effect that they had long experience as farmers and in raising this particular kind of crop and that the damage sustained by reason of the burning of the crop was $30 per acre for the 60 acres burned out. Under the circumstances we do not believe that we are required to conclude that unless plaintiffs make technical and specific proof of elements of damage as outlined in the contention of defendants that no recovery can be had. It has been the established policy of the courts of this State where the amount of damage clearly appears, that no technical method of proving the damage is required, provided, the specific nature of the damages under the peculiar circumstances of the case is adequately shown (*Leonard v. Pearce*, 271 Ill. App. 428, 429).

In the instant case where the cause was tried before the court, without a jury, the presumption is that the court did not consider any incompetent evidence which may have been received (*Maton Bros., Inc. v. Central Illinois Public Service Co.*, 356 Ill. 584, 597). The evidence specifically showed the nature of the damage to the perennial crop involved in that the difference in the value of the land with a crop growing two inches above the ground and the value of the land after the destruction of the crop necessarily showed the damage resulting from the destruction of the perennial crop. There was no evidence that there was an open market value for the crop, but the evidence as presented furnished an adequate basis upon which the court below could conclude as to the amount of damages actually sustained and the court was not required to speculate as to the nature or the amount of the damage.

It would not be within the province of this court of review, under the facts and circumstances in this case,

to substitute its findings for those of the trial court in view of the record in this cause (*Hall v. Pittenger,* 365 Ill. 135).

The judgment of the circuit court of White county will, therefore, be affirmed.

*Affirmed.*

BARTLEY and SMITH, JJ., concur.