(No. 5180—)

CLINTON G. ORTGIESEN, RILLA ORTGIESEN, GRACE HANSON, EDITH ROBBINS LEIDER, ALICE MARGARET THOMPSON, ELLEN LUCILLE ROBBINS, WARREN G. ROBBINS AND UNITED STATES FIRE INSURANCE COMPANY OF NEW YORK, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 26, 1970.*

GUNNER AND KELLER and ALBERT H. HANNEKEN, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; ETTA COLE and BRUCE J. FINNE, Assistant Attorneys General, for Respondent.

PERLIN, C.J.

Claimants seek recovery of $21,572.80 in damages to real and personal property, which were incurred by them as a result of a fire set by three inmates, who had escaped from the Dixon State School on August 4, 1963. The liability of respondent was established in the case of *Jones* vs. *State*

*of Illinois*, No. 5141. The only issue in dispute in the instant case is the amount of damages.

The fire destroyed a house owned by claimants. The evidence reveals that the house, which was located on 100 acres of ground, contained fourteen to fifteen rooms, and was approximately 125 years old. It had no plumbing or central heat, but it did have storm windows and wiring. All but four rooms of the house were rented to a family for forty dollars per month. The remainder was used by claimants for storage of personal items.

Five witnesses testified for claimants as to the amount of loss to the real property: LaVerne John, a building contractor, testified that the replacement value of the house would be $46,325.07. However, it is well established that the proper measure of damages for a dwelling destroyed by fire is the difference in market value of the property before and after the fire when the cost of restoration exceeds the value of the property. *J.W. Curran, et al.* vs. *State*, 21 C.C.R. 278; *Clark* vs. *Public Service Co.*, 278 Ill. App. 426; *Hubele* vs. *Baldwin*, 332 Ill. App. 330; *Johnson* vs. *Pagel Clikeman Co.*, 343 Ill. App. 346; *Dixon* vs. *Montgomery Ward and Co.*, 351 Ill. App. 75.

Claimant, Clinton G. Ortgiesen, testified that in his opinion the value of the property before the fire was $850.00 per acre, and the fair market value immediately after the fire on August 4, 1963, was between $300.00 and $400.00 per acre, which amounts to a loss of approximately $45,000.00 to $55,000.00 for the 100 acre farm. Mr. Ortgiesen stated that the farm was sold after the fire for slightly under $38,500.00. Claimant further testified that he received $4,000.00 in insurance. money for the loss of the house, which was the full value of the policy.

John W. King, a former real estate broker who owned

the property across the road from claimants' property, testified that the value of the property immediately before the fire was $600.00 per acre, and immediately after the fire was $385.00 per acre, which would be a loss of $21,500.00.

Dorothy Butler testified that she was the Secretary and Managing Officer of the First Federal Savings and Loan of Dixon, and was responsible for the company's loans. She had been a real estate salesman for 15 years. She testified that she saw the Ortgiesen house frequently, and had been in it about two years before it burned. In her opinion the fair market value of the property was $50,000.00 before the fire and $35,000.00 after the fire, which amounts to a loss of $15,000.00.

Another witness had not seen the house before it burned, and estimated that the loss was $22,472.00.

Claimant, Clinton G. Ortgiesen, was the only person who testified as the value of the personalty. Although claimant, Rilla Ortgiesen, claimed a loss of $268.30, claimant, Clinton Ortgiesen, testified that he did not have personal knowledge of the contents and a box belonging to her, and the claimants in their brief concede that proof of only a $181.00 loss was made. Respondent, in its brief, objected to claimants listing of objects as antiques, which would presumptively add more value to them. Mr. Ortgiesen testified that he prepared the list of property which was allegedly destroyed in the fire from memory, and that there was no insurance carried on the furniture and other chattels owned by himself, Grace Hanson, or Rilla Ortgiesen, although Edith Leider's insurance covered her personal property.

The Court concludes, from the foregoing testimony, that the fair market value of the property was $50,000.00 before the fire and $38,500.00 after the fire, leaving claimants with a loss of $11,500.00 for the real property.

The award for the realty is apportioned as follows:

| | | |
|---|---|---|
| United States Fire Insurance Company of New York | | $ 4,000.00 |
| Clinton G. Ortgiesen | | 1,875.00 |
| Rilla Ortgiesen | | 1,875.00 |
| Grace Hanson | | 1,875.00 |
| Edith Robbins Leider | | 468.75 |
| Alice Margaret Thompson | | 468.75 |
| Ellen Lucille Robbins | | 468.75 |
| Warren G. Robbins | | 468.75 |
| | Total: | $11,500.00 |

The award for personalty is as follows:

| | | |
|---|---|---|
| Clinton G. Ortgiesen | | $1,000.00 |
| Grace Hanson | | 70.00 |
| Rilla Ortgiesen | | 181.00 |
| | Total: | $1,251.00 |

Therefore, claimants are awarded the sum of $12,751.00, as set forth above.